■ DARLENE COLVIN et al., Respondents, v THOMAS H. MAILLE, Defendant and Third-Party Plaintiff-Appellant. (And a Third-Party Action.)—Main, J. Appeal from an order of the Supreme Court (Dier, J.), entered August 19, 1986 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for personal injuries allegedly suffered by plaintiff Darlene Colvin (hereinafter Colvin) as a result of an accident on September 17, 1983. Defendant moved for summary judgment, contending that Colvin had not suffered a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion, finding that the question of whether Colvin suffered a serious injury was for jury resolution.

As has been frequently noted, while the existence of a serious injury ordinarily is a question of fact for jury resolution, the court must make a threshold determination of whether a plaintiff has established a prima facie case of serious injury (see, Berben v Arain, 124 AD2d 379; Rulison v Zanella, 119 AD2d 957). On a motion for summary judgment such as here, the defendant must present evidence establishing that the plaintiff has not sustained a serious injury as a matter of law; only then must the plaintiff submit evidence to raise a question of fact (Sole v Kurnik, 119 AD2d 974, 975, appeal dismissed 68 NY2d 806). We are of the opinion that defendant has met his burden* and plaintiffs have failed to raise a question of fact as to the existence of serious injury, and accordingly, reverse.

Plaintiffs contend that Colvin has suffered a "significant limitation of use of a body system or function" (see, Insurance Law § 5102 [d]). "Significant" means "something more than a minor limitation of use" (Licari v Elliott, 57 NY2d 230, 236). The sworn report of the physician who examined Colvin on defendant's behalf indicates that, at best, Colvin has suffered a minor limitation of use of a function. Defendant having submitted this sworn report in support of his motion for summary judgment, it was incumbent upon plaintiffs to submit evidence raising a question of fact as to the existence of a serious injury. This they failed to do. In opposition to the

---

* We note, however, that defendant submitted a number of unsworn medical reports in support of his motion. Such reports do not constitute evidentiary proof in admissible form (see, Zoldas v Louise Cab Corp., 108 AD2d 378, 383) and may not be considered in support of defendant's motion (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.12).

motion, plaintiffs did not submit any sworn statements from treating physicians; instead, they submitted Colvin's affidavit, an attorney's affidavit and two documents which do not constitute evidentiary proof in admissible form. These submissions are insufficient to defeat defendant's motion, since plaintiffs' opposition to the motion essentially is the conclusory statement that Colvin, in fact, did suffer a serious injury. Accordingly, defendant is entitled to summary judgment dismissing the complaint.

Order reversed, on the law, without costs, motion granted and complaint dismissed. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.