OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the complaint dismissed.
Plaintiff has failed to make out her prima facie case of "serious injury” by "significant limitation of use of a body function or system” (Insurance Law § 5102 [d]). Plaintiff’s proof that she suffered a soft tissue injury, described by her own expert as "mild,” and which, at the time of trial, resulted in no restriction of plaintiff’s mobility, is not a "serious injury” under the No-Fault Insurance Law. We reject the holding of the majority of the Third Department that under these circumstances, pain may form the basis of "serious injury”. To so hold would undercut the policy behind the No-Fault insurance scheme to reduce the number of automobile personal injury accident cases litigated in the courts and frustrate the Legislature’s attempt to put an objective verbal definition of serious injury (Licari v Elliot, 57 NY2d 230, 236, 239; see, Thrall v City of Syracuse, 96 AD2d 715, revd on dissenting opn below 60 NY2d 950, rearg denied 61 NY2d 905). The subjective quality of plaintiff’s transitory pain does not fall within the objective verbal definition of serious injury as contemplated by the No-Fault Insurance Law (Licari v Elliot, 57 NY2d, at 239, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.