■ CATHERINE M. CALLAS, Appellant, v THERESA MALONE, Respondent.—Levine, J. Appeal from an order of the Supreme Court (Crew, III, J.), entered July 13, 1987 in Chemung County, which granted defendant's motion for summary judgment dismissing the complaint.

On January 20, 1986, the parties were involved in an automobile collision. Plaintiff was taken to the hospital with complaints of pain in her chest and right knee. She was admitted for observation and released the next day. Plaintiff returned to her job as a dental assistant within two months of the accident. Thereafter, plaintiff commenced this negligence action against defendant alleging that she sustained a serious injury as a result of the accident. After issue was joined and medical reports were exchanged, defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff had not suffered a serious injury as defined in Insurance Law § 5102 (d) and, hence, did not meet the statutory threshold for bringing an action as required by Insurance Law § 5104 (a). In support of her motion, defendant submitted, *inter alia,* the affidavit of Dr. Robert H. Huddle, Jr., who examined plaintiff six months after the accident and found no evidence of a rib fracture or any other physical impairment. In opposition to the motion, plaintiff, by her own affidavit, averred that she suffered a type of rib fracture which may not be revealed by a standard X ray, but which nevertheless constituted a serious injury as a bone fracture *(see,* Insurance Law § 5102 [d]). Supreme Court granted defendant's motion for summary judgment and this appeal ensued.

There should be an affirmance. We reject plaintiff's contention that the affidavit of Huddle was not sufficiently probative to establish the absence of serious injury as a matter of law. Huddle examined plaintiff and also conducted an X-ray study of her chest. Hence, his sworn affidavit stating that she had suffered no rib fracture or other physical impairment was sufficient to shift the burden to plaintiff to submit evidence raising a question of fact as to the existence of a serious injury *(see, Colvin v Maille,* 127 AD2d 926, *lv denied* 69 NY2d 611). Plaintiff failed to submit any medical evidence in admissible form to rebut defendant's proof. Instead, all she proffered was her own affidavit referring to an unsworn statement of her doctor which indicated the possibility that she may have had a fracture which could not be seen with a standard X ray. This type of evidence is insufficient to raise a triable issue of fact *(see, Zoldas v Louise Cab Corp.,* 108 AD2d 378, 383). In addition, on appeal plaintiff also relies on other unsworn letters and reports by doctors which were submitted as part of defendant's motion papers. These reports, however, do not constitute evidentiary proof in admissible form and may not be considered in favor of either party on a motion for summary judgment *(see, Colvin v Maille, supra,* at 926, n).

On appeal plaintiff has not argued the applicability of categories of serious injury, other than a bone fracture, under Insurance Law § 5102 (d) and, hence, plaintiff has abandoned the other potential grounds for finding a serious injury originally set forth in her pleadings and submissions in opposition to the motion *(see, Kordana v Pomellito,* 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848). In any event, plaintiff's own affidavit demonstrates that she returned to work within two months of the accident and, thus, was not substantially incapacitated for a period of 90 days within the first 180 days after the accident *(see,* Insurance Law § 5102 [d]). Moreover, plaintiff's subjective complaints of pain, which she characterized as permanent in her affidavit, do not constitute serious injury as defined in Insurance Law § 5102 (d) *(see, Scheer v Koubek,* 70 NY2d 678, 679).

Order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.