■ PATRICIA N. GOOTZ, Respondent, et al., Plaintiff, v DAWNE M. KELLY, Appellant.—Mercure, J.

Plaintiff Patricia N. Gootz (hereinafter plaintiff) and her husband commenced this negligence action to recover for allegedly serious injuries they sustained resulting from an October 17, 1984 automobile accident. After issue was joined and medical reports exchanged, defendant moved for summary judgment dismissing plaintiff's complaint upon the ground that plaintiff had not suffered a serious injury as defined in Insurance Law § 5102 (d) and, hence, did not meet the statutory threshold for bringing an action as required by Insurance Law § 5104 (a). The motion was denied except to the extent that Supreme Court struck plaintiff's claim that she suffered a fracture. This appeal by defendant ensued.

Following the accident, plaintiff was taken by ambulance to a hospital emergency room. X rays disclosed no evidence of fracture, and plaintiff was diagnosed as having suffered multiple bruises and a neck strain. She was prescribed Motrin, advised to apply heat and restrict her activities, and discharged less than three hours following her arrival. Subsequently, plaintiff consulted with a number of physicians regarding her injuries and was found to have suffered a sprain in the cervical and thoracolumbar area, with no neurological complications. As early as November 1984, medical reports by Dr. Gerard Barnaby, plaintiff's treating orthopedist, indicated that her range of motion was satisfactory, an opinion supported by her physiatrist, Dr. Sangbock Kim. Kim discharged plaintiff from his care in January 1985 after finding her

condition improved and her motor strength, reflexes and range of motion within normal limits. Throughout, however, plaintiff has continued to complain of pain and periodic headaches.

In support of her motion, defendant submitted, *inter alia,* the affidavit of Dr. Walter Gunther, who examined plaintiff on May 7, 1986 and found no objective evidence of pathology that could have come from the accident of October 17, 1984. Gunther found that plaintiff had full range of motion in the cervical spine and indicated no evidence of muscle spasm in the cervical or dorsolumbar spine or of fracture. In opposition to the motion, plaintiff submitted an affidavit of Barnaby, incorporating his medical reports for the period of October 23, 1984 through March 15, 1985, plaintiff's affidavit, excerpts from an examination before trial of plaintiff and an attorney's affidavit.

While Insurance Law § 5102 (d) sets forth 9 specific categories of personal injury which can constitute serious injury, on this appeal we are only concerned with 4 of them, as follows: (1) permanent loss of use of a body organ, member, function or system, (2) permanent consequential limitation of use of a body organ or member, (3) significant limitation of use of a body function of system, and (4) a medically determined injury or impairment of a nonpermanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

The first two of these categories may be summarily disposed of as plaintiff has furnished no credible medical evidence to support the claim of permanency *(see, Dwyer v Tracey,* 105 AD2d 476, 477). Plaintiff's declaration that she is "sentenced to a lifetime of pain and discomfort" will not suffice. Further, the evidence does not support the claim that plaintiff suffered a significant limitation of use of a body function or system; rather, any limitation shown would be characterized as minor *(see, Licari v Elliott,* 57 NY2d 230, 239; *Kordana v Pomellito,* 121 AD2d 783, 785, *appeal dismissed* 68 NY2d 848). Plaintiff's present complaints of intermittent pain do not fulfill the statutory definition *(see, Scheer v Koubek,* 70 NY2d 678, 679) and are unsupported by credible medical evidence *(see, Dwyer v Tracey, supra,* at 477). Last, it is clear from plaintiff's own testimony that she resumed housekeeping activities within five weeks following the accident, including getting the chil-

dren off to school, preparing meals, dusting and vacuuming, and that her condition gradually improved thereafter, precluding a finding that she was prevented from performing substantially all of her daily routine activities for a period of 90 days during the 180 days immediately following the accident *(see, Licari v Elliott, supra,* at 236)*. Even the limitations described by plaintiff are not supported by her physician's reports. Plaintiff's subjective complaints of pain are not sufficient to establish a disability preventing the performance of routine activities *(see, Callas v Malone,* 135 AD2d 1016). We conclude that plaintiff has failed to raise a triable issue of fact as to whether she suffered a serious injury. Supreme Court therefore erred in denying defendant's motion for summary judgment against plaintiff.

Order reversed, on the law, with costs, motion granted and complaint of plaintiff Patricia N. Gootz dismissed. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.