■ GUSTAVE C. LESCHEN, Respondent, et al., Plaintiff, v BELA KOLLARITS, JR., Appellant.—Weiss, J. Appeal from an order of the Supreme Court (White, J.), entered August 7, 1987 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint of plaintiff Gustave C. Leschen.

Plaintiff Gustave C. Leschen (hereinafter plaintiff) and his wife commenced this negligence action to recover for personal injuries allegedly sustained in an automobile accident on June 28, 1984. Following joinder of issue and the completion of discovery, defendant moved for summary judgment on the premise that plaintiff failed to present a prima facie case of "serious injury" (Insurance Law § 5102 [d]; § 5104 [a]). Supreme Court denied the motion, giving rise to this appeal.

Inasmuch as plaintiff does not contest Supreme Court's assessment that the injuries sustained were not permanent, the sole issue before us, as defined by the pleadings, is whether plaintiff sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). To support his motion, defendant submitted, *inter alia,* the affidavit of Dr. Walter Gunther, who examined plaintiff on December 22, 1986. Gunther found that plaintiff had a normal range of motion in his neck, back and shoulders, discerned no objective evidence of any permanent injury, and essentially described plaintiff as asymptomatic at the time of the examination. In turn, plaintiff submitted the affidavit of Dr. Marion Murphy, who first examined plaintiff July 10, 1984, diagnosed an acute muscular strain and prescribed a physiotherapy program which ultimately consisted of 17 treatments, ending August 27, 1984. Murphy opined that plaintiff was totally disabled from employment through August 27, 1984 and that he "sustained a significant limitation in the use of his neck, right shoulder and low back * * * until at least August 27, 1984, and possibly for a period of time thereafter". Additionally, plaintiff testified in his pretrial deposition that he continues to have occasional pain.

In our view, the evidence does not support the claim that plaintiff sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). The term "significant" must be construed as more than a minor limitation of use *(Licari v Elliott,* 57 NY2d 230, 236; *Gootz v Kelly,* 140 AD2d 874; *Kordana v Pomellito,* 121 AD2d 783, *appeal dismissed* 68 NY2d 848). Initially, we observe that Murphy's characterization of plaintiff's injuries as "significant" is not, as suggested in plaintiff's brief, determinative of the question of

law presented *(see, Lopez v Senatore,* 65 NY2d 1017, 1019-1020). Murphy defined a two-month disability period, but her suggestion that the disability might "possibly" continue is speculative *(see, Kordana v Pomellito, supra,* at 784; *Dwyer v Tracey,* 105 AD2d 476). In fact, Murphy's assessment that plaintiff's disability extended through August 27, 1984 actually refutes any claim that he sustained a "significant" injury *(see, Thrall v City of Syracuse,* 96 AD2d 715, 716, *revd on dissenting opn below* 60 NY2d 950). Notably, plaintiff spent only a few hours in a hospital emergency room following the accident and acknowledged that he is now capable of performing all his usual activities. Plaintiff's present, subjective complaints of intermittent pain fail to support his claim *(see, Scheer v Koubek,* 70 NY2d 678, 679; *Berben v Arain,* 124 AD2d 379, 381). While plaintiff was injured in the automobile collision, the limited period of disability established does not satisfy the statutory threshold, particularly in view of Gunther's findings of a full recovery. We conclude that plaintiff failed to raise a triable issue as to whether he sustained a serious injury. It follows that Supreme Court erred in denying defendant's motion for a summary judgment.

Order reversed, on the law, without costs, motion granted and complaint of plaintiff Gustave C. Leschen dismissed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.