■ ERIC O. THOMAS, an Infant, by CAROLYN A. THOMAS, His Parent and Natural Guardian, et al., Appellants, v JOSEPH J. DRAKE et al., Respondents. (And a Third-Party Action.)— Weiss, J. Appeal from an order of the Supreme Court (Mercure, J.), entered December 4, 1987 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

This action was commenced on behalf of plaintiff Eric O. Thomas (hereinafter plaintiff) for personal injuries allegedly sustained when the infant was struck in the left leg by a tractor trailer on February 11, 1985 while walking home from school.* Supreme Court granted defendants' motion for summary judgment dismissing the complaint on the premise that plaintiff failed to make a prima facie showing of "serious injury" (Insurance Law § 5102 [d]; § 5104 [a]). Plaintiffs have appealed.

The question of whether plaintiff sustained a "serious injury" is, of course, one of law for the court to initially decide *(see, Licari v Elliott,* 57 NY2d 230, 237). To support their motion, defendants presented, *inter alia,* the affidavit of Dr. Walter Gunther, who examined plaintiff at defendants' behest on August 5, 1987. Gunther determined that while plaintiff sustained a soft-tissue injury in his left leg, he now had a full range of motion and had fully recovered. With respect to plaintiff's complaint that he continued to experience a loss of sensation in his left shin area, Gunther noted that pin prick testing revealed the complaints were inconsistent, and essentially subjective in nature. Defendants further posited that plaintiff's 77-day absence from school was voluntary and failed to satisfy the 90-day threshold for nonpermanent injuries.

* A derivative action was also commenced on behalf of plaintiff's mother.

On this showing, it was incumbent on plaintiff to demonstrate the existence of a triable issue as to whether a "serious injury" existed *(see, Colvin v Maille,* 127 AD2d 926, *lv denied* 69 NY2d 611). The record does not substantiate plaintiff's assertion that a loss of sensation near his left shin constitutes a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). It is evident that Dr. James Nelson, plaintiff's treating physician, acknowledged the existence of this condition simply on the basis of plaintiff's subjective complaints *(see, Scheer v Koubek,* 70 NY2d 678; *Leschen v Kollarits,* 144 AD2d 122; *Gootz v Kelly,* 140 AD2d 874; *Kordana v Pomellito,* 121 AD2d 783, *appeal dismissed* 68 NY2d 848). Given Gunther's findings, plaintiff's subjective complaints of a sensory loss do not depict a "serious injury".

The decisive question presented is whether plaintiff sustained a medically determined injury to his left leg which prevented him from performing substantially all of his daily activities for a period of 90 days during the 180-day period immediately following the accident *(see,* Insurance Law § 5102 [d]; *Licari v Elliott,* 57 NY2d 230, 236, *supra).* The statutory "substantially all" standard requires a showing that plaintiff's activities have been restricted "to a great extent rather than some slight curtailment" *(Licari v Elliott, supra,* at 236).

Following the accident, plaintiff was treated and discharged from the hospital with instructions to keep his left leg elevated to reduce swelling. X rays disclosed no evidence of a fracture. When the swelling and pain persisted, plaintiff was hospitalized on February 17, 1985 for a week. He subsequently consulted Nelson, who, in a supporting affidavit, indicated that plaintiff had severe pain and swelling in his left thigh and calf. Nelson prescribed a therapy of bed rest with the leg elevated to reduce the swelling. Plaintiff did not return to school until April 29, 1985, some 77 days after the accident. Notably, Nelson averred that plaintiff's "inactivities from school were pursuant to my advice and were directly related to the crushing injury of the left leg".

Considered in a light most favorable to plaintiff, the foregoing clearly raises a triable issue as to whether plaintiff was prevented from performing substantially all his routine daily activities by a medically determined injury for at least 77 days following the accident. The statutory standard, however, is 90 days. This case thus hinges on the consequences attendant plaintiff's return to school. Supreme Court concluded that plaintiff's school attendance effectively negated any claim that his activities were substantially restricted. We reach a differ-

ent conclusion. The mere fact that plaintiff returned to school does not foreclose the issue as to whether his activities remained substantially impaired *(see, Sole v Kurnik,* 119 AD2d 974, 975, *lv dismissed* 68 NY2d 806; *see also, Gleissner v LoPresti,* 135 AD2d 494). In his answering affidavit and deposition testimony, plaintiff explained that he returned to school because he "was tired of being cooped up in his house". Nonetheless, he was unable to participate in gym class and walked with a substantial limp. Plaintiff further indicated that he was unable to perform his usual activities, such as bike riding, until July 1985. While Nelson's proffered opinion that plaintiff remained "disabled" until his discharge on July 15, 1985 is certainly not controlling *(see, Lopez v Senatore,* 65 NY2d 1017, 1019-1020; *Leschen v Kollarits, supra),* it does buttress plaintiff's allegations. Giving due regard to the facts, we conclude that plaintiff has raised a triable issue of fact as to whether his activities were substantially curtailed by his leg injury during the relevant time frame *(see, Sole v Kurnik, supra).* Accordingly, Supreme Court erred in granting defendants' motion for summary judgment.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.