■ HILDA FIGUEROA et al., Appellants, v WADE A. TORGERSON et al., Respondents.—Weiss, J. Appeal from an order of the Supreme Court (Torraca, J.), entered February 3, 1988 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Hilda Figueroa (hereinafter plaintiff) commenced this negligence action to recover for personal injuries ostensibly sustained in an automobile collision on November 16, 1984.[1] Following joinder of issue and the exchange of medical reports, defendants moved for summary judgment on the premise that plaintiff failed to present a prima facie claim of "serious injury" (Insurance Law § 5102 [d]; § 5104 [a]). Supreme Court granted the motion and plaintiff has appealed.[2]

We affirm. Whether plaintiff satisfied the statutory "serious injury" threshold presents a question of law for initial determination by the court (see, *Licari v Elliott,* 57 NY2d 230, 237). In her bill of particulars, plaintiff specified two categories of "serious injury": that she sustained a concussion and significant limitation of use of a body function, and that she sustained a medically determined injury that substantially curtailed her daily activities "for more than ninety (90) days following the occurrence" (see, Insurance Law § 5102 [d]). To support their motion, defendants presented the affidavit of their attorney, accompanied by a hospital discharge report from Dr. Michael Pappis and the report of Dr. William Bronk,

---

1. A derivative claim was included on behalf of plaintiff's husband.

2. We note that Supreme Court also denied plaintiff's follow-up motion to "renew and/or reargue", which included a March 11, 1985 report from Dr. Daniel Schweitzer. Without assessing plaintiff's characterization of this application, we observe that no appeal was taken and thus the Schweitzer report is not properly before us. In any event, the report is unsworn and thus not in admissible form.

who examined plaintiff on defendants' behalf in May 1987.[3] The Bronk report confirms that plaintiff was hospitalized for five days following the accident, and that X rays taken of the cervical spine and dorsal spine were negative. Bronk opined that plaintiff actually "sustained a cervical and a dorsal region strain" with "only mild partial remaining causally related disability". He noted that plaintiff's symptoms (she complained to him of continuing neck pain, frontal headaches and lower dorsal region back pain) would probably continue. Defendants further emphasized that plaintiff's bill of particulars confirmed her return to work, as a waitress, on January 7, 1985.

The concept of "significant limitation of use of a body function" (Insurance Law § 5102 [d]) connotes more than a "minor limitation" (*Licari v Elliott, supra,* at 236; *Leschen v Kollarits,* 144 AD2d 122; *Gootz v Kelly,* 140 AD2d 874, 875). Through Bronk's sworn report, defendants affirmatively established that plaintiff sustained only a "mild" disability. Upon this showing, it was incumbent upon plaintiff to come forward with evidentiary proof to validate her claim (see, *Colvin v Maille,* 127 AD2d 926, *lv denied* 69 NY2d 611). Plaintiff, however, submitted only the moving affidavit of her attorney accompanied by the Pappis and Bronk reports previously referred to, as well as a follow-up synopsis from Pappis and a report from Dr. William Kwock, who examined plaintiff on December 23, 1985. Notably, both the additional Pappis synopsis and Kwock report are unsworn and thus fail to substantiate plaintiff's position (see, *Colvin v Maille, supra,* at 926, n). This leaves the Bronk report, which, as indicated, demonstrates only a mild disability. We note that plaintiff's subjective complaints of continuing pain do not support her claim (see, *Scheer v Koubek,* 70 NY2d 678, 679; *Leschen v Kollarits, supra; Gootz v Kelly, supra*). We conclude that plaintiff failed to raise a triable issue as to whether she sustained a serious injury under the "significant limitation" category.

The record further evidences that plaintiff returned to her employment January 7, 1985, on a part-time basis, and resumed full-time status shortly thereafter. We note that plaintiff's bill of particulars refers to a 90-day period of disability, without reference to the 180-day postaccident statutory time frame (see, Insurance Law § 5102 [d]). In any event, plaintiff's

---

3. We note that the Pappis discharge report is unsworn and thus not in proper evidentiary form (see, *Colvin v Maille,* 127 AD2d 926, n, *lv denied* 69 NY2d 611). The Bronk report, however, was properly affirmed (CPLR 2106).

return to full-time employment within 90 days of the accident confirms that her daily activities were not so curtailed as to demonstrate a "serious injury" *(see, Gootz v Kelly,* 140 AD2d 874, 875-876, *supra).* Accordingly, we find that Supreme Court properly granted summary judgment in defendants' favor.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.