■ VIVIAN FENSTAMACHER, Appellant, v BARBARA REYELL et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered November 23, 1988 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a 73-year-old woman, was involved in an automobile accident in April 1987. She was hospitalized for eight days, complaining of chest pain from striking the steering wheel and pain and bruising to the left side of the forehead from hitting the windshield. She was diagnosed by Dr. Roland Doucet, the admitting physician, as having suffered a concussion, a large left periorbital hematoma, sternal contusion, possible mild right ulnar nerve injury, hypertension and arthritis. X rays discounted any fractures. Plaintiff experienced dizziness and loss of balance in September 1987. Her physician, Dr. Arthur Cohn, a specialist in otolaryngology, diagnosed her condition as postconcussion syndrome with some positional vertigo. A rotary nystagmus was observed in the supine position. Cohn opined that such condition normally resolves itself spontaneously. In May 1988, plaintiff saw Cohn again with continued complaints of positional vertigo. She said that she felt dizzy and nauseated if she looked up or down and felt a whirling sensation when she attempted to lie on her right side while supine. Cohn diagnosed plaintiff as suffering from persistent posttraumatic positional vertigo. His diagnosis was to the effect that when vertigo is so persistent, as here, the patient will have to live with the symptoms or be treated symptomatically. Based on the circumstances, he indicated that plaintiff's condition may be permanent.

Plaintiff commenced this action against defendants, the owner and operator of the other vehicle involved in the accident, seeking monetary damages for the personal injuries she sustained as a result of the accident. Defendants moved for summary judgment seeking to dismiss the complaint on the ground that plaintiff had not sustained a "serious injury" as defined under Insurance Law § 5102 (d). Plaintiff's contention of serious injury is based on a dent in her forehead and vertigo, which she claims significantly limits the use of all her bodily functions requiring mobility. In opposition to defendants' motion, plaintiff submitted an affidavit indicating that as of October 7, 1988 the symptom of vertigo continues unabated. Her contention is supported by way of a medical evaluation by Cohn. However, her contention of a dent or scar on her forehead alleged in her complaint and bill of particulars has not been substantiated medically in her reply to defendants' motion except by way of reference to it in her counsel's affidavit. On the other hand, defendants have supplied an affidavit by Dr. James Nelson, who examined plaintiff on behalf of defendants and who unequivocally stated that he was unable to find a dent or scar in the left side of her

forehead. The other medical assessment of this injury depicts it as a soft tissue injury.

We find that defendants have sustained their burden of proof as to the dent or scar. Once defendants established a prima facie case, plaintiff had the burden of coming forward with a question of fact on the issue of a scar or dent on her forehead. This she has failed to do. We conclude that, as to this issue, defendants have prevailed *(see, Mulhauser v Wood,* 107 AD2d 1019).

On the issue of vertigo, we find otherwise. Permanency of this condition is indicated by the length of its persistence according to Cohn, plaintiff's physician. His affidavit indicates that the nature of vertigo makes it probable that permanency is indicated. We do not consider Cohn's affidavit speculative and it is sufficient to raise a question of fact entitling plaintiff to defeat defendants' motion. The final resolution of this question lies more appropriately for resolution at trial. It is obvious that the question of permanency simply cannot be fully decided at this time but that the clear indication favors plaintiff's allegation of permanency.

Judgment reversed, on the law, with costs, and motion denied. Kane, J. P., Mikoll and Yesawich, Jr., JJ., concur.

Casey and Mercure, JJ., dissent and vote to affirm in a memorandum by Mercure, J. Mercure, J. (dissenting). We respectfully disagree with so much of the majority's decision which determines that there are questions of fact as to whether plaintiff sustained a serious injury. In our view, because Dr. Arthur Cohn's affidavit states only that plaintiff's condition "may" be permanent, it is speculative and does not rise to the level of credible medical evidence required to support plaintiff's claim that the injury is permanent *(see, Leschen v Kollarits,* 144 AD2d 122, 123; *Kordana v Pomellito,* 121 AD2d 783, 784-785, *appeal dismissed* 68 NY2d 848; *Dwyer v Tracey,* 105 AD2d 476). The record is replete with plaintiff's subjective complaints and devoid of evidence of objective tests supporting Cohn's diagnosis of vertigo. It is now well settled that speculative and equivocal medical opinion, based upon a plaintiff's subjective complaints, is insufficient to support a serious injury claim *(see, Scheer v Koubek,* 70 NY2d 678, 679; *Kordana v Pomellito, supra).* Significant, too, Cohn did not see plaintiff until six months following the accident, some two months after Dr. Stanley Ball examined her and concluded that she had no vertigo.

Moreover, plaintiff's claim that she has suffered a significant

limitation of use of a body function or system because of her injuries is unpersuasive. The only proof that plaintiff's injuries have limited her ability to perform routine activities is her own affidavit. Cohn has not restricted any of plaintiff's activities or stated that the vertigo has limited her in any way. Thus, no specific limitation is established by competent medical evidence *(see, Licari v Elliott,* 57 NY2d 230, 239). In sum, it is our view that plaintiff failed to establish by competent medical proof a "permanent loss of use of a body organ, member, function or system" (Insurance Law § 5102 [d]; *see, Leschen v Kollarits, supra)* or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see, Figueroa v Torgerson,* 147 AD2d 883). Accordingly, we would affirm Supreme Court's order.