■ WILLIAM E. ACKERSON et al., Respondents, v ROBERT L. MINCEY et al., Appellants.—Weiss, J. Appeals (transferred to this court by order of the Appellate Division, Second Depart-

ment) from two orders of the Supreme Court (Benson, J.), entered June 26, 1989 and July 10, 1989 in Dutchess County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff William E. Ackerson (hereinafter plaintiff) suffered a cervical sprain injury as a result of an accident in which his vehicle was struck from behind on May 23, 1986. Defendants moved for summary judgment based upon the absence of a serious injury as defined in Insurance Law § 5102 (d). Supreme Court found that a triable issue of fact existed as to whether plaintiff's soft tissue injury was the competent producing cause of a permanent significant limitation of motion of his neck and the aggravation of a preexisting weakened arthritic spine condition. Defendants appeal, contending that plaintiff's attending physician established that plaintiff did not suffer a serious injury. Defendants further contend that the conclusions set forth in an affidavit from plaintiff's chiropractor, who first saw plaintiff 1½ years after the subject accident and more than a year after a subsequent slip and fall in which plaintiff struck his head and suffered another cervical sprain, is palpably incredible.

The attending physician described the nature of plaintiff's injury and the treatment he rendered. He stated that as of November 14, 1986 (just one week prior to plaintiff's second injury) there had been no significant improvement in plaintiff's condition. While the physician indicated difficulty in drawing a direct causal relationship between the May 1986 accident and plaintiff's December 1987 condition, impossibility was not asserted and the physician clearly indicated that the subject accident contributed to plaintiff's condition. Moreover, he indicated an objective finding of C8 radiculopathy causing plaintiff's condition and did not address the degree of pain experienced by plaintiff, nor his range of motion of the neck.

While mild transitory pain without a restriction in mobility is not the basis of a serious injury (*Scheer v Koubek,* 70 NY2d 678, 679), in light of defendants' limited showing (*see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853) the objective findings and opinion stated in the chiropractor's affidavit raise a triable issue of fact (*see, Fenstamacher v Reyell,* 152 AD2d 890, 892; *Robbie v Ledeoux,* 146 AD2d 764, 765). The chiropractor found a distinct limitation of cervical movement due to pain. Defendants' criticism of the chiropractor's affidavit has merely raised issues of credibility (*see, Lopez v Senatore,* 65 NY2d 1017, 1020).

Orders affirmed, with costs. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.