■ STEVEN MARINO, Appellant, v MARK ROSEN et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered February 7, 1989, which upon granting the defendants' motion to dismiss the complaint, is against him and in favor of the defendants.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff commenced this action to recover damages for injuries alleged to have been sustained in an automobile accident in January 1980. The action proceeded to a jury trial and the Supreme Court dismissed the complaint upon the ground that the plaintiff had failed, as a matter of law, to prove that he had suffered a serious injury within the meaning of Insurance Law § 5102 (d). This appeal ensued.

We conclude that the judgment in favor of the defendants

should be affirmed. The plaintiff's claim that he had established the threshold requirement of serious injury is premised on his contentions that he sustained a fracture of the right fibula and suffers from spondylolysis and permanent pain as a result of the automobile accident. An X ray taken of the plaintiff's right fibula two months after the accident showed no evidence of any old or recent fracture or dislocation. The plaintiff's medical expert Dr. Irvin Spira testified that an X ray he took of the plaintiff's right fibula three months after the accident did not reveal evidence of a fracture. At that time, he diagnosed the plaintiff as suffering from a possible bone bruise. At trial, Dr. Spira stated that the plaintiff had suffered a "greenstick fracture" which he claimed was similar to a bone bruise. However, Dr. Spira admitted that he did not see the fracture but had deduced it from his examination and X ray of the plaintiff. He also acknowledged that he made no mention of any problem related to the plaintiff's right fibula in a 1982 report to the plaintiff's attorney. Nor did the evidence adduced at trial establish that the plaintiff had sustained a fracture of the pars interarticulars resulting in traumatically induced spondylolysis. Dr. Spira testified that his review of an X ray taken of the plaintiff's lumbar spine on the date of the accident revealed a visible defect in the pars interarticulars. Dr. Spira admitted that X rays taken at two different hospitals in January 1980 were negative for any bony abnormality, fracture or dislocation of the cervical or lumbosacral spine. Thus, those X rays contained no evidence of spondylolysis. In sum, the medical testimony is speculative at best, and is contradicted by other competent medical proof. As such, the plaintiff's evidence was insufficient to establish a prima facie case of serious injury (see, e.g., Grotzer v Levy, 133 AD2d 67; De Fillippo v White, 101 AD2d 801; see also, Leschen v Kollarits, 144 AD2d 122; Dwyer v Tracey, 105 AD2d 476). Given the equivocal and speculative nature of the medical evidence and the plaintiff's own testimony that he was fully engaged in a number of sports activities within nine months to a year following the accident, the plaintiff's subjective complaints of continuing pain are not sufficient to establish a serious injury for purposes of overcoming the no-fault threshold requirements (see, Scheer v Koubek, 70 NY2d 678). Accordingly, the Supreme Court properly dismissed the complaint at the close of the plaintiff's case. Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur.