■ ROBERT E. CLAPP, JR., Respondent, v BESSIE WILLIAMS, Appellant.—Kane, J. P. Appeal from an order of the Supreme Court (Ingraham, J.), entered January 3, 1990 in Chenango County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action against defendant to recover for injuries allegedly sustained in an automobile accident occurring October 31, 1985 on State Route 12 in Chenango County. The complaint alleged serious injury as defined in Insurance Law § 5102 (d) and defendant moved for summary judgment, arguing that plaintiff had failed to meet that statutory threshold. Supreme Court denied the motion and this appeal followed.

We affirm. As articulated in his bill of particulars, the "serious injury" claimed by plaintiff was damage to his hips, lower back and neck, constituting a "permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevent[ed] the [plaintiff] from performing substantially all of the material acts which constitute [his] usual and

customary daily activities for not less than ninety days during the one hundred eighty days immediately following the [accident]" (Insurance Law § 5102 [d]). In support of her motion for summary judgment, defendant submitted, *inter alia,* the sworn affidavit of a physician who had examined plaintiff and found no evidence of a current disability or evidence that plaintiff "was disabled from substantial performance of his usual and customary activities for more than one day following the accident". Such evidence shifted the burden to plaintiff "to come forward with evidentiary proof to validate [his] claim" *(Figueroa v Torgerson,* 147 AD2d 883, 884). Plaintiff's opposition to the motion included the sworn affidavit of his chiropractor who opined, *inter alia,* that plaintiff was unable to resume his normal work activities and "suffers from a permanent, mild to moderate disability". In our view, the opinion of plaintiff's chiropractor based on his objective findings created sufficient factual issues to deny defendant's motion for summary judgment *(see, Ackerson v Mincey,* 162 AD2d 934).

Order affirmed, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.