■ DAWN RIVERA, Respondent, v STANLEY J. PULA, Appellant. (And a Third-Party Action.)—Harvey, J. Appeal from an order of the Supreme Court (Best, J.), entered April 17, 1990 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action against defendant to recover for injuries allegedly sustained in a motor vehicle accident that occurred on February 7, 1989 in the City of Schenectady, Schenectady County. At the time of the accident, plaintiff was a passenger in a vehicle being operated by third-party defendant Elizabeth Leger. Apparently this vehicle was struck from behind by defendant's vehicle. The complaint alleged that plaintiff suffered a serious injury as defined in Insurance Law § 5102 (d). In her bill of particulars, plaintiff contends that she sustained a "permanent loss of use of the musculo skeletal and/or cervical system" and a "permanent consequential limitation of the musculo skeletal and/or cervical systems". Following joinder of issue, defendant moved for sum-

mary judgment, arguing that plaintiff had failed to meet that statutory threshold. Finding questions of fact on this issue after examination of the opposing medical reports, Supreme Court denied defendant's motion and this appeal followed.

We reverse. Plaintiff's papers in opposition were insufficient to defeat defendant's evidence to the effect that plaintiff had failed to establish a "serious injury" as a matter of law (see, CPLR 3212 [b]). Along with other evidence, defendant submitted a sworn report from the doctor who examined both plaintiff and her X rays at defendant's request, which report stated unequivocally that there was no objective medical evidence to support plaintiff's claim of an ongoing disability or permanent condition. In fact, defendant's physician opined that plaintiff's "back problems are entirely pre-existing and in no way related to the accident". Although plaintiff submitted reports and affidavits from her treating chiropractor in an attempt to rebut this proof, these documents were impermissibly speculative, vague and conclusory in their findings of permanency, and did nothing more than reiterate plaintiff's subjective complaints of pain. This proof and plaintiff's complaints do no more than possibly establish a "minor limitation of use" (Leschen v Kollarits, 144 AD2d 122). As such, this evidence is also insufficient to support a claim by plaintiff that she has sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). This court has emphasized in the past that subjective evidence or complaints of pain, unsupported by credible medical evidence or documentation, is not enough to establish the threshold issue of serious injury (see, e.g., Ackerson v Mincey, 162 AD2d 934; Gray v Steger, 150 AD2d 962; Thomas v Drake, 145 AD2d 687; Leschen v Kollarits, supra; Gootz v Kelly, 140 AD2d 874; see also, Scheer v Koubek, 70 NY2d 678, 679). Because plaintiff's proof failed to meet this threshold, summary judgment in defendant's favor is appropriate.

Order reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.