■ KENNETH McLOYRD, Respondent, v JAY PENNYPACKER, Appellant.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered December 21, 1990, denying defendant's motion for summary judgment, unanimously reversed, on the law, the motion is granted, and the complaint is dismissed, without costs. The Clerk is directed to enter judgment in favor of the appellant dismissing the complaint, without costs.

Plaintiff was involved in a bicycle collision with defendant's motor vehicle in 1984. Two years later he brought this action, alleging "severe and serious personal injuries." His bill of particulars specified a herniated disc and exacerbation of a pre-existing knee condition.

In December 1990 defendant moved for summary judgment, supported by contemporaneous affirmations from three examining physicians (an orthopedist and two neurologists), each of whom noted no significant disability resulting from the 1984 accident. These affirmations were condensations of extensive medical summaries, prepared in 1989 and 1990, ranging from three to six pages each.

In opposition, plaintiff submitted, inter alia, a 1986 letter from an orthopedist which attributed to the accident a chronic herniated disc, lumbosacral sprain and instability in one knee. Also submitted was plaintiff's most recent medical evidence, a one-page report from his treating physician, dated March 1989, which concluded that plaintiff suffered from sprain and strain of the cervical and lumbar spine with radiculitis, "serious, significant, and permanent injuries" attributed to the 1984 accident. Finally, plaintiff submitted a radiologist's letter dated January 1989, diagnosing a condition of disc herniation.

With the adoption of no-fault insurance in this State, the Legislature has sought to remove from the judicial arena litigation involving all claims save those involving the most serious physical injuries (Insurance Law § 5104 [a]). In order for a non-permanent injury to be considered "serious", for purpose of establishing a civil right of recovery, there must be a medical determination as to the extent of the injury and its adverse impact on the injured party's ability to perform his usual and customary daily activities (Insurance Law § 5102 [d]). The subjective experience of "pain" cannot, by itself, form

the basis of "serious injury" for purpose of recovery under the No-Fault Insurance Law *(Scheer v Koubek,* 70 NY2d 678).

In order to defeat a motion for summary judgment, a plaintiff must meet the statutory threshold requirement of establishing a "serious injury" by competent, admissible medical evidence. Statements and reports by plaintiff's examining and treating physicians which are unsworn, or which are not affirmed to be true under penalty of perjury, do not meet that test *(Zoldas v Louise Cab Corp.,* 108 AD2d 378; *Lowe v Bennett,* 122 AD2d 728, *affd* 69 NY2d 700). Our insistence on meeting this requirement is consistent with the views expressed in the Third and Fourth Departments *(see, Callas v Malone,* 135 AD2d 1016; *Ferguson v Temmons,* 79 AD2d 1090). To the extent that the more recent Second Department ruling in *Palmer v Amaker* (141 AD2d 622) is to the contrary, we decline to follow it. Concur—Sullivan, J. P., Milonas, Wallach and Kassal, JJ.