■ MICHAEL D. MITCHELL et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [611 NYS2d 535] —Order, Supreme Court, New York County (Walter Schackman, J.), entered October 14, 1992, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion is granted, and the complaint is dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The complaint alleges that on April 21, 1988 the infant plaintiff was struck by a police car owned and operated by defendant, and as a consequence suffered serious injuries as defined by Insurance Law § 5102 (d). Defendant moved for summary judgment on the ground that the hospital records and medical reports provided by plaintiff set forth no permanent consequential limitation of use of a body organ or member, no significant limitation of use of a body function or system, and no medically determined injury that prevented plaintiff from performing substantially all the material acts constituting his usual daily activity for at least 90 days during the 180 days following his injury.

Defendant submitted in support of its motion plaintiff's admission at his statutory hearing (General Municipal Law

§ 50-h) that after a five-day hospital stay he was confined to bed for only one day, after which he went outside, where he was able to play, run, and do everything he wanted to do, without pain to his head, hand or leg. Plaintiff also admitted at the hearing that when he returned to school 24 days after his release from the hospital, he attended gym class, where he was able to do everything he had been able to do before the accident. Specifically, plaintiff said he was able to run, throw and catch a ball, play tag and play basketball. Although plaintiff was eight years of age at the time of the hearing, these are not matters as to which a child is easily confused, and there is no indication in the record of badgering or even suggestive questioning that would indicate that plaintiff may have been mistaken in evaluating his own condition and ability to engage in the activities mentioned.

The IAS Court, after noting that plaintiff's medical reports were not competent evidence to defeat summary judgment because they were neither sworn to nor affirmed to be true under penalty of perjury (*Zoldas v Louise Cab Corp.,* 108 AD2d 378, 383; *Lowe v Bennett,* 122 AD2d 728, *affd* 69 NY2d 700; *McLoyrd v Pennypacker,* 178 AD2d 227, *lv denied* 79 NY2d 754; *Rodriguez v Goldstein,* 182 AD2d 396), nevertheless relied upon the contents of those reports to deny defendant's motion. Since no excuse was offered with respect to plaintiffs' failure to provide medical reports in proper form, the defendant's motion for summary judgment should have been granted (*see, Grasso v Angerami,* 79 NY2d 813; *Pagano v Kingsbury,* 182 AD2d 268, 270).

In any event, even if the reports had been in proper form, they did not demonstrate a permanent consequential limitation of use of a body organ or member or significant limitation of use of a body function or system so as to meet the threshold requirement for maintaining this action, and the infant plaintiff's own testimony clearly confirms this conclusion (*see, Waldman v Dong Kook Chang,* 175 AD2d 204; *Partlow v Meehan,* 155 AD2d 647). Accordingly, summary judgment should have been granted to defendant on this ground as well. Concur—Carro, J. P., Wallach, Ross, Rubin and Williams, JJ.