■ RICHARD MARQUEZ, Appellant, v MIRIAM TORRES et. al., Respondents. (And Another Action.) [671 NYS2d 662] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about April 4, 1997, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint for failure to make out a prima facie case of serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

The action was properly dismissed for lack of evidence that the alleged curtailment of plaintiff's daily activities was attributable to a "medically determined" injury. Indeed, plaintiff failed to offer any probative medical proof whatsoever (see, McLoyrd v Pennypacker, 178 AD2d 227, lv denied 79 NY2d 754), and we see no merit to his excuse that he did not have time to obtain a sworn statement from his doctor. Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD VISCOUNT WASHINGTON, Also Known as VISCOUNT BERNARD WASHINGTON, Appellant. [672 NYS2d 700] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered June 13, 1995, convicting defendant, after a jury trial, of attempted murder in the second degree, rape in the first degree and assault in the first degree, and sentencing him to two consecutive terms of 8⅓ to 25 years concurrent with a term of 5 to 15 years, unanimously affirmed.

Defendant's suppression motion was properly denied in all respects. The hearing evidence established that the evidence recovered from defendant's person was seized incident to a lawful arrest, that the search of his apartment was based on consent, and that the evidence was properly subjected to testing (see, People v Natal, 75 NY2d 379, 383, cert denied 498 US 862).

On the existing record, which defendant has not sought to amplify by way of a CPL 440.10 motion, we conclude that defendant received effective assistance of counsel (People v Baldi, 54 NY2d 137). Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.