[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action, the plaintiff Robin L. Stillman seeks damages from the CT Page 6983 defendant Allstate Insurance Company for breach of contract for failure to pay her claim for bodily injuries sustained in an automobile accident. The plaintiff Robert Stillman seeks damages for loss of consortium on the same grounds. The defendant moves for summary judgment arguing that neither plaintiff has a right of recovery.
The defendant's motion for summary judgment was filed on November 26, 1999, and was accomplished by a memorandum of law, a policy report, a letter from State Farm Insurance Company to plaintiff's attorney, reports from medical providers and an affidavit of Lawrence C. Schweitzer, M.D. The plaintiffs filed a memorandum opposing the motion on January 11, 2000, which was accompanied by affidavits of the plaintiff Robin Stillman and Alfred S. Constanzo, D.C., a report of a medical provider and an excerpt from the deposition of plaintiff Robin Stillman. Argument took place before the court (Pickett, J.T.R.) on January 10, 2000. Prior to ruling on the motion, the Honorable Walter M. Pickett died on April 19, 2000. This court heard argument on May 8, 2000.
In its motion, the defendant asserts the plaintiffs have no right of recovery because Robin Stillman did not suffer a serious injury as defined by New York Insurance Law and did not suffer in excess of $50,000.00 in economic damages. In response, the plaintiffs claim that they have presented objective evidence that Robin Stillman has suffered a significant injury that qualifies as a "severe injury" under New York law.
The following facts are not in dispute and are pertinent to this motion. On January 25, 1995, the plaintiffs were traveling northbound on the Whitestone Bridge in Bronx, New York. At the tollbooth, a motor vehicle driven by Kenneth DuBose collided with the rear end of the plaintiffs vehicle. The plaintiffs claim the accident was a result of the negligence of DuBose, who was insured by State Farm Insurance Company at the time of the accident. State Farm denied the plaintiffs' claim on July 31, 1997. The plaintiffs brought this action to collect uninsured motorist benefits under their policy with the defendant Allstate.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Alvarez v. New Haven Register,Inc., 249 Conn. 709, 714 (1999); Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24 (1999); Orkney v. Hanover Ins. Co., 248 Conn. 195, 201
(1999). A "material" fact is one which will make a difference in the outcome of the case. Morascini v. Commissioner of Public Safety,236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the CT Page 6984 court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433
(1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v.Kielak, 160 Conn. 14, 16 (1970); Dorazio v. M.B. Foster Electronic Co.,157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772 781 (1980).
The parties agree that the substantive law of New York applies to this case. This is clear from Williams v. State Farm Mutual Automobile Ins.Co., 229 Conn. 359, 366-68 (1994) where the Supreme Court held in a similar factual situation that because the liability of the tortfeasor would attach under New York law, the recovery of uninsured motorists benefits rests on substantive New York law. Under New York's Comprehensive Motor Vehicle Insurance Reparations Act (Reparations Act), in any action arising out of the negligent use of an automobile, there is no recovery for non-economic damages unless the party has suffered a serious injury nor is there recovery for basic economic loss. Under New York law, "basic economic loss" is economic loss up to $50,000. Here, the parties agree that the plaintiffs have not incurred more than $50,000 in economic damages. Thus, the issue is whether the plaintiffs have made a prima facie showing of a "serious injury" as defined by the Reparations Act.
The pertinent provision of that act reads,
 § 5104. Causes of action for personal injury. (a) Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss. The owner, operator or occupant of a motorcycle which has in effect the financial security required by article six or eight of the vehicle and traffic law, or which is referred to in subdivision two of section three hundred twenty-one of such law, shall not be subject to an action by or on behalf of a covered person for recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss. . . . CT Page 6985
 (c) Where there is no right of recovery for basic economic loss, such loss may nevertheless be pleaded and proved to the extent that it is relevant to the proof of non-economic loss.
See also McKnight v. LaValle, 147 App.Div.2d 902, 537 N.Y.S.2d 421, appeal denied, 74 N.Y.2d 605, 543 N.Y.S.2d 398, 541 N.E.2d 427 (1989). The plaintiffs claim that Robin Stillman's condition qualifies under § 5102(d) as a "significant limitation of use of a body function or system."[1]
In Licari v. Elliott, 57 N.Y.2d 230, 236, 455 N.Y.S.2d 570,441 N.E.2d 1088 (1982), the Court of Appeals noted: "There can be little doubt that the purpose of enacting an objective verbal definition of serious injury was to significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium. . . . The verbal definition provided in the [legislation placed] a reasonable restriction and further limitation on the right to sue, in order to preserve the valuable benefits of no-fault, at an affordable cost." (Citation omitted; internal quotation marks omitted.)
"Once [a] defendant has made a showing by evidence in admissible form of its entitlement to relief on a motion for summary judgment, the court must determine as a matter of law whether plaintiff has met his burden of establishing a prima facie case that he sustained a serious injury within the meaning of the statute. . . ." (Citations omitted.) McKnight v. LaValle, supra, 147 2d 902. [147 App.Div.2d 902], "It is for the court to determine in the first instance whether a prima facie showing of `serious injury' has been made out, and summary judgment should be granted where. the plaintiff . . . has failed to meet her burden."Tipping-Cestari v. Kilhenny, 174 2d 663, [174 App.Div.2d 663], 664,571 N.Y.S.2d 525, 526 (1991).
An independent medical examination conducted on October 19, 1999, by Lawrence Schweitzer, M.D., an orthopedist, concluded, in relevant part: "The absence of new radiological findings on either plain film or MRI, as well as the absence of cervical radiculopathy as evidence by the EMG study suggests no long-term permanency has been sustained as a result of this accident."[2] This report by Schweitzer satisfies the defendant's initial burden to show that it is entitled to summary judgment. Thus, "the plaintiff [has] the burden of coming forward with sufficient evidentiary proof, in admissible form, to raise a triable issue of fact as to whether she [has] suffered a serious injury within the meaning of the No-Fault Law." Zoldas v. Louise Cab Corp., 108 2d 378, 382, CT Page 6986 [108 App.Div.2d 378], 489 N.Y.S.2d 468 (1985).
"In order to establish . . . a significant limitation of use of a body function or system, [the] plaintiff [is] required to submit competent admissible medical evidence." Id., 383. "[T]he word `significant' as used in the statute pertaining to `limitation of use of a body function or system' should be construed to mean something more than a minor limitation of use. We believe that a minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute." Id., 384, quoting Licari v. Elliott, 57 N.Y.2d 230. Additionally, "subjective evidence or complaints of pain, unsupported by credible medical evidence or documentation, is not enough to establish the threshold of serious injury. . . ." (Citations omitted.) Rivera v.Pula, 173 App.Div.2d 1000, 1001, 569 N.Y.S.2d 517 (1991).
Along with their memorandum in opposition to the defendant's motion for summary judgment, the plaintiffs have submitted an affidavit from Alfred Costanzo, Robin Stillman's treating chiropractic doctor. The affidavit states that "as a result of the accident, [Robin Stillman] has suffered a 14% permanent physical impairment of the cervicothoracic spine or a 5% permanent physical impairment of the whole body. . . . My evaluation is based upon [Robin Stillman] continued pain in the cervical and thoracic spine, palpatory tenderness, non-uniform loss in range of motion, muscle spasm and cervical and thoracic segmental dysfunction."
The plaintiffs also refer to the report by Robert Balasic, orthopedist, dated January 4, 1996, almost one year after the accident. The report states that, "[c]ervical examination revealed decreased lateral rotation, rather pronounced, at approximately 50% of normal. Lateral bending was decreased to approximately 75% of normal bilaterally."
The plaintiff has proffered sufficient medical evidence to raise a triable issues to her suffering a serious injury. The degree of limitation of use of her body function is put in issue by the reports of Constanzo and Balasic who both examined the plaintiff. Moreover, there is more than the subjective complaints of the plaintiff upon which these providers base their opinions. The fact that the defendant's IME physician, Schweitzer, opines that there is no significant limitation does not negate the issue of fact to be determined at trial. See Tompkinsv. Burtnick, 236 App.Div.2d 708, 652 N.Y.S.2d 911; Bates v. Peeples,171 App.Div.2d 635, 566 N.Y.S.2d 659 (1991).
As to the plaintiff Robert Stillman, the defendant argues that his loss of consortium claim could not be brought against the tortfeasor under New York Law. It is not an injury enumerated under § 5102(d) of the Reparations Act defining serious injury. The plaintiffs have not CT Page 6987 responded to this argument. Accordingly, the motion for summary judgment is granted as to count two.
The plaintiff Robin Stillman has established a prima facie case that she has sustained a "serious injury", and a question of fact exists for the trier of fact as to the credibility and weight of the medical evidence. The motion for summary judgment is denied as to count one.
DiPentima, J.