■ DAMARYS RODRIGUEZ, as Administrator of the Estate of GUILLERMINA RODRIGUEZ, Deceased, Respondent, v WHEELS, INC., et al., Appellants, et al., Defendants. (And a Third-Party

Action.) [714 NYS2d 761] —In an action to recover damages for personal injuries, the defendants Wheels, Inc., and Lester W. Pearson appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated June 25, 1999, as denied that branch of their motion which was to dismiss the complaint based on the failure of the plaintiff's decedent to appear for a court-ordered physical examination, and (2) from an order of the same court, dated November 19, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff's decedent did not sustain a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order dated June 25, 1999, is affirmed; and is further,

Ordered that the order dated November 19, 1999, is reversed, on the law, the motion for summary judgment is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellants.

Contrary to the appellants' contention, the Supreme Court providently exercised its discretion in denying that branch of their motion which was to dismiss the complaint insofar as asserted against them because the plaintiff's decedent failed to submit to a physical examination before her death (*see, McGilvery v New York City Tr. Auth.*, 213 AD2d 322).

The Supreme Court, however, improperly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. The appellants' evidence established a prima facie case that the plaintiff's decedent did not sustain a serious injury as defined by Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955). In opposition to the motion, the plaintiff failed to come forward with sufficient evidence to raise a triable issue of fact on that issue. The affirmation of the decedent's treating physician, in which he stated, *inter alia*, that the decedent suffered a fracture of a nasal bone, was contradicted by that physician's report indicating that the decedent had suffered "[c]ontusions" to her nose, and an X-ray report which noted a "[n]ormal study of the nasal bones" (*see, Marino v Rosen*, 166 AD2d 693, 694; *see also, David v Green*, 233 AD2d 476). Moreover, the plaintiff failed to submit any competent medical evidence with respect to the decedent's remaining alleged injuries (*see, Perovich v Liotta*, 273 AD2d 367; *Alcalay v Town of N. Hempstead*, 262 AD2d 258; *Arshad v Gomer*, 268 AD2d 450; *Merisca v Alford*, 243 AD2d 613; *Lincoln*

*v Johnson,* 225 AD2d 593). Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.