Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered September 5, 2007, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
*394 The injured plaintiff alleged that a car driven by defendant backed into her in a crosswalk in Queens in March 2003. She testified that she missed one week from work immediately after the accident, and an additional two weeks over the course of the year. She stopped going for treatment in December of that year because she said it was not helping with the pain.
Defendant moved for summary judgment on the ground that plaintiff did not suffer a “serious injury” within the meaning of Insurance Law § 5102 (d), submitting the reports of various medical experts. A neurologist reported a normal examination, with mild tenderness in the cervical and lumbar spine. An orthopedic surgeon concluded that the patient had suffered sprains of the neck, back and right knee, and made a complete recovery. A radiologist reviewed MRIs taken seven and eight months after the accident, which he said showed longstanding degenerative conditions in the cervical spine and right knee, not causally related to the accident. This evidence was sufficient to sustain defendant’s initial burden of establishing that the injured plaintiff had not suffered a serious injury, and the burden then shifted to plaintiffs to demonstrate a triable issue of fact by coming forward with evidence to overcome defendant’s submissions (Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Shinn v Catanzaro, 1 AD3d 195, 197 [2003]).
Although plaintiffs submitted reports of numerous experts, all but one were unsworn and not affirmed. Statements and reports by the injured party’s examining and treating physicians that are unsworn or not affirmed to be true under penalty of perjury do not meet the test of competent, admissible medical evidence sufficient to defeat a motion for summary judgment (McLoyrd v Pennypacker, 178 AD2d 227, 228 [1991], Iv denied 79 NY2d 754 [1992]). The only report in admissible form reflected findings made almost four years after the accident, and stated in conclusory fashion that the conditions noted were causally related to the accident. However, it did not address the findings of defendant’s experts, which were supported by the patient’s MRIs, that the conditions were degenerative in nature. Conclusory assertions tailored to meet statutory requirements are insufficient to raise a triable issue of fact concerning serious injury {Gaddy, 79 NY2d at 958). In the absence of admissible contemporaneous evidence of a serious injury, the proffered conclusions of plaintiffs’ expert are insufficient (Petinrin v Levering, 17 AD3d 173 [2005]). Concur—Mazzarelli, J.E, Friedman, Nardelli, Buckley and Freedman, JJ.