■ Michael V. Guerra et al., Respondents, v Albert H. Fuez, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Lomanto, J.), entered November 17, 1987 in Schenectady County, upon a verdict rendered in favor of plaintiff Michael V. Guerra.

Plaintiffs sued to recover damages, sustained due to an injury to plaintiff Michael V. Guerra (hereinafter plaintiff) on April 10, 1981 at about 9:45 A.M. on United States Route 20 in the Town of Duanesburg, Schenectady County, when a motor vehicle owned and operated by defendant struck plaintiff, who was at the time a flagman on a road crew working there. Plaintiff either tripped or was pushed to the ground by defendant's vehicle and, as he started to crawl, the vehicle ran over his legs in the knee area. Although plaintiff claimed excruciating pain, X rays taken revealed no fractures. A minor degree of preexisting arthritic condition was present in the left knee, and a more significant degree of arthritis existed in the right knee. Plaintiff's attending physician diagnosed plaintiff's condition as contusions to both knees, which aggravated the preexisting arthritic condition. Plaintiff was permitted to return to work on May 1, 1981, and he did so without limitation or restriction.

On February 7, 1986 plaintiff again sought his physician's services. Plaintiff complained of occasional episodes of knee pain for 2-to-3-day periods in intervals of 3 to 4 months for which he took Motrin as prescribed by his physician. During this examination, plaintiff was found to have some crepitus and his knees lacked a few degrees of full flexion and extension. Plaintiff's physician testified that the accident of April 10, 1981 aggravated the preexisting arthritic condition in plaintiff's knees and that the condition was permanent. Defendant's examining physician found plaintiff's knees basically normal with no objective evidence of physical impairment.

Based on this conflicting medical evidence, defendant initially urges on this appeal, as he did at trial, that plaintiff has failed as a matter of law to make a prima facie showing of "serious injury", as defined by Insurance Law § 5102 (d) (see, Masi v Kiss, 114 AD2d 442). We disagree. Supreme Court properly submitted this issue to the jury as a question of fact. The court properly instructed the jury to determine on the proof offered whether plaintiff sustained a permanent loss of use of function of his knees due to the injury, a permanent consequential limitation of use of the knees due to the injury, or a significant limitation of use of his knees due to the injury. The jury unanimously found plaintiff to have sustained a

"serious injury" and we find the proof legally sufficient to sustain that determination.

We further find that the jury's verdict of $27,000 was not excessive, considering the nature of the injuries sustained. Supreme Court properly denied defendant's motion to reduce or set the verdict aside on that basis. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.