■ BRIAN WASHBURN, Respondent, v GARY R. VANCE, Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Brown, J.), entered July 28, 1988 in Saratoga County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff brought this action to recover for personal injuries sustained in an October 1, 1984 automobile accident, described in his bill of particulars as "chronic traumatic cervical and lumbar strain". Plaintiff claims to have suffered "a permanent loss of use of a body function or system" and "a significant limitation of use of a body function or system". Defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). Supreme Court denied the motion and defendant appeals.

We affirm. Plaintiff opposed the motion with affidavits of his treating chiropractor, Dr. Sidney Hochman, and two physicians, Dr. Robert Evans and Dr. David Welch. Each states that plaintiff suffers from a significant and permanent limitation in performing daily activities, an opinion which is based upon objective medical findings, including that plaintiff has "nearly dislocating in the right shoulder with some crepitance" or clunking and tightness and spasm in the suprascapular muscles and upper trapezius, particularly on the right side. The report of defendant's own examining orthopedist indicates discomfort in the area of plaintiff's upper thoracic and lower cervical area, noting that vertical compression was "obviously painful" and "resisted immediately" by plaintiff and acknowledging the presence of "severe" symptoms 2½ years after the accident. The medical evidence shows that these symptoms continued and that plaintiff was still in need of treatment 3½ years following the accident and was forced to change his employment due to his inability to perform heavy lifting. In our opinion, under the circumstances present here, Supreme Court was justified in denying defendant's motion (see, Passonno v Hall, 125 AD2d 767; Mulhauser v Wood, 107 AD2d 1019) and permitting the matter to proceed to trial. We conclude by noting that if, at trial, plaintiff does not carry his burden of establishing serious injury, a motion will lie to dismiss the complaint during or at the conclusion of trial (see, CPLR 4401; Amodeo v Pitcher, 125 AD2d 850, 851).

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.