■ PETER SPEZIA, Appellant, v JOSEPH DE MARCO et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered October 24, 1989, which granted the defendants' motion for summary judgment

dismissing the complaint for failure to establish that he had suffered a serious physical injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

In affidavits submitted in opposition to the defendant's motion for summary judgment, the plaintiff and his physician, an orthopedist, made a prima facie showing that the plaintiff suffers from a "permanent" 10-degree limitation in the mobility of his neck, which he can move only with pain *(see, Lopez v Senatore,* 65 NY2d 1017; *Bassett v Romano,* 126 AD2d 693). Both the plaintiff and his orthopedist averred that this pain becomes particularly severe when he uses a computer terminal at his place of employment, with the result that his condition permits him to perform certain ordinary daily functions "only with pain" *(Mooney v Ovitt,* 100 AD2d 702, 703). The results of the plaintiff's nerve conduction velocities test purport to confirm the diagnosis of cervical radiculopathy and one of the defendants' physicians acknowledged that the plaintiff's subjective complaints were consistent with that diagnosis *(cf., Ottavio v Moore,* 141 AD2d 806, 807; *Fields v Green Bus Lines,* 124 AD2d 640, 641). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.