■ HONORA E. FORTE, Respondent, v THOMAS S. VACCARO et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated January 5, 1990, which denied their motion for summary judgment dismissing the complaint for failure to demonstrate that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

A review of the record demonstrates that the plaintiff has failed to establish a prima facie case that she sustained "serious injury" within the meaning of Insurance Law § 5102 (d). Among the injuries claimed by the plaintiff are sprain of the cervical and lumbosacral spines with radiculitis, contusions and sprains of the pelvis and acute thoracic sprain with continuing pain and suffering, residual functional limitations, and restriction of range of motion. Although the plaintiff continued to be treated by an orthopedic surgeon approximately two years subsequent to the accident, neither the affidavit submitted by that physician nor the medical reports previously prepared demonstrated that the purported limitations suffered by the plaintiff were objectively measured or quantified (see, Philpotts v Petrovic, 160 AD2d 856, 857).

The mere repetition of the word "permanent" in the affidavits of a plaintiff or a treating physician does not suffice to establish serious injury within the meaning of Insurance Law § 5102 (d). Summary judgment should be granted to the defendant where the plaintiff's evidence is limited to conclusory assertions tailored to meet statutory requirements (see, Lopez v Senatore, 65 NY2d 1017, 1019).

Since the X-rays taken of the plaintiff were negative for fractures, the record contains no indication that other diagnostic tests were performed, and the plaintiff conceded that she only missed two days of work after the accident, the

plaintiff has failed to raise a triable issue of fact on the crucial issue of "serious injury". Under the circumstances, the defendants' motion for summary judgment dismissing the complaint should have been granted *(see, Scheer v Koubek,* 70 NY2d 678; *Adolphe v Ramirez,* 173 AD2d 583; *Reid v Spivack,* 160 AD2d 859). Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.