■ SALLY TATRO, Appellant, v DON ENDE et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 16, 1990, as, upon reargument, adhered to an original determination made in an order of the same court dated November 21, 1989, which granted the defendants' respective motions for summary judgment dismissing the complaint against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the order dated November 21, 1989, is vacated, and the defendants' motions for summary judgment are denied.

The plaintiff was allegedly injured in an automobile accident on August 18, 1986. As indicated in a medical report dated June 22, 1987, she complained of pain in her left knee, as well as in her shoulder. With respect to the knee injury, she also complained of "some pain towards the end of the day which [had] increased to the point where she [walked] with a limp".

The plaintiff's doctor diagnosed a "left patellofemoral chondrosis" with respect to the knee injury, and an "impingement with mild instability" with respect to the shoulder. After a later examination, conducted on July 17, 1989, the plaintiff's doctor essentially adhered to his original diagnosis, stating that "[plaintiff's] left shoulder joint capsule has stretched and loosened and will not gain its original resiliency" and that the plaintiff "continues to suffer from a recurrent patellofemoral chondrosis, that is, wearing of the articular surface of the patella". This doctor opined that the conditions noted above were permanent and would limit the plaintiff's use of her shoulder and knee.

In light of the foregoing, and considering all the other evidence submitted, we conclude that the plaintiff succeeded in demonstrating the existence of an issue of fact as to whether she suffered a "serious injury" (Insurance Law § 5102 [d]; *see generally, Lopez v Senatore,* 65 NY2d 1017; *DeAngelo v Fidel Corp. Servs.,* 171 AD2d 588; *Bates v Peeples,* 171 AD2d 635; *Spezia v De Marco,* 173 AD2d 462; *Ackerson v Mincey,* 162 AD2d 934; *Healea v Andriani,* 158 AD2d 587; *Washburn v Vance,* 154 AD2d 868). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.