■ NICOLE CESAR, Appellant, v VICTOR J. FELIX, Respondent. —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Williams, J.), dated March 14, 1990, which granted the defendant's motion for summary judgment dismissing the complaint, and denied her cross motion for summary judgment in her favor.

Ordered that the order is modified, on the law, by deleting the first and the third decretal paragraphs thereof, and by substituting therefor a provision denying the defendant's motion; as so modified, the order is affirmed, with costs to the plaintiff, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The Supreme Court granted summary judgment to the defendant on the ground that the plaintiff failed to demonstrate the existence of any issue of fact as to whether she had suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). However, the medical evidence relied upon by the defendant himself reveals the presence of an issue of fact in this respect, and we accordingly reinstate the plaintiff's complaint.

The papers submitted by the defendant in support of his motion included the report of a doctor who had evaluated the plaintiff's injuries on September 29, 1987. This report refers to the plaintiff's having undergone an "EEG" which revealed an abnormality. This medical report also indicates that the plaintiff's visual acuity was "diminished" and that her ability to move her cervical spine was "limited". A chart appended to this report indicated that the plaintiff had experienced a limitation of movement with respect to various functions

(flexion, extension, rotation) of her cervical spine, as well as a limitation with respect to the use of her lumbar spine. This chart specifically quantified the scope of these limitations. The doctor concluded his report by stating that the "patient has been disabled and unable to function as before, due to * * * continuous headaches, neck pains, and inability to use her right hand".

The plaintiff cross-moved for partial summary judgment on the theory that she had suffered a "serious injury" as a matter of law. The plaintiff submitted an affidavit in which she complained of "peripheral vision loss, hearing deficiencies, limited use of the right shoulder and an inability to use my right hand". She also submitted an affidavit of a neurologist who averred that his examination of the plaintiff "revealed her range of motion is markedly restricted at her neck and [that] she has diminished sensation over C5-C6 distribution on the right, limited use of motion of the right shoulder, weakness of grip of the right hand, along with other physical restrictions". This neurologist also expressed an opinion to the effect that the plaintiff had suffered a permanent disability.

Under these circumstances, the Supreme Court erred in holding that the plaintiff's injuries were, as a matter of law, not "serious" (Insurance Law § 5102 [d]). Such a determination should be made, in the context of a motion for summary judgment, only when it appears that no question of fact is present, or in the context of a trial, only when no rational jury could have found the existence of a "serious injury" (see, Licari v Elliott, 57 NY2d 230, 239-240). In the present case, the defendant's own submissions made a prima facie showing that the plaintiff had suffered a "serious injury" within the meaning of Insurance Law § 5102 (d), which defines a serious injury to include a "significant limitation of use of a body system or function".

Although the plaintiff complains of pain, it is clear that her claim is not based on subjective complaints alone (cf., Scheer v Koubek, 70 NY2d 678, 679). The evidence relied upon by the defendant included objective proof of physical ailments, as reflected in an abnormal EEG, a concrete finding as to vision impairment, and a physician's observation as to actual, quantified limitations in the plaintiff's ability to use the cervical and lumbar areas of her spine (see generally, Lopez v Senatore, 65 NY2d 1017; Tatro v Ende, 177 AD2d 691; Spezia v De Marco, 173 AD2d 462; Bates v Peeples, 171 AD2d 635; DeAngelo v Fidel Corp. Servs., 171 AD2d 588; Rotondi v Horning, 168 AD2d 944; Clapp v Williams, 168 AD2d 798; Ackerson v

*Mincey,* 162 AD2d 934; *Healea v Andriani,* 158 AD2d 587; *Washburn v Vance,* 154 AD2d 868; *cf., Forte v Vaccaro,* 175 AD2d 153; *Adolphe v Ramirez,* 173 AD2d 583; *Gaddy v Eyler,* 167 AD2d 67).

Since issues of fact with respect to at least one aspect of the statutory definition of the term "serious injury" have been raised, it is clear that summary judgment was improperly granted to the defendant. Under these circumstances, we need not determine whether a prima facie showing of "serious injury" has been made with respect to other aspects of the statutory definition as well. Since there is an issue of fact as to whether the plaintiff has suffered a "serious injury", we modify the order under review, affirming only so much of it as denied the plaintiff's cross motion for partial summary judgment. Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.