■ I. BEN GREENMAN, Appellant, v JAMES POLL et al., Respondents. [602 NYS2d 410] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an interlocutory judgment of the Supreme Court, Nassau County (Morrison, J.), dated February 7, 1991, which, after a jury trial on the issue of liability, found the defendants 25% at fault in the happening of the accident and the plaintiff 75% at fault in the happening of the accident, and (2) from a judgment of the same court, dated March 21, 1991, which granted the defendants' motion to dismiss the complaint at the conclusion of the trial on the issue of damages on the ground that the plaintiff had failed to establish a prima facie case of serious injury.

Ordered that the interlocutory judgment dated February 7, 1991, is affirmed, and it is further,

Ordered that the judgment dated March 21, 1991, is reversed, on the law, and a new trial is granted on the issue of damages only; and it is further,

Ordered that any award of costs on the instant appeals shall abide the event of the new trial.

The instant action arises from an automobile accident that occurred on March 14, 1988, in a parking lot along Jericho Turnpike in Jericho, New York. The plaintiff was walking to his car through a parking lot and was struck as the defendant James Poll was backing his automobile out of a parking space. The plaintiff allegedly suffered numerous serious injuries. His primary medical complaint was that he sustained an aggravation of a pre-existing condition in his right knee as a result of the accident. The plaintiff sustained further injuries to the right knee when it gave way in December 1989 while he was walking on a railroad platform in Syosset, resulting in a fractured patella. He alleges that the March 14, 1988, accident contributed to a weakening of the knee and contributed to the cause of the fall on the railroad platform.

Following the liability portion of the trial, the jury found that the defendants were only 25% at fault in the happening of the accident, and the plaintiff 75% at fault. The court denied motions by both parties to set aside the verdict, and entered an interlocutory judgment fixing liability in accordance with the jury's verdict.

At the damages trial, the plaintiff adduced the testimony of Dr. Anthony Simon Cohen, a neurologist, who concluded that the plaintiff had sustained pinched nerves in both wrists and in the lower back as a result of the subject automobile accident. According to Dr. Cohen, the plaintiff suffers from a condition known as carpal tunnel syndrome which caused numbness and weakened grip strength in both hands. He concluded further that the chronic pain in the plaintiff's knee was caused in part by the pinched nerve in the lower back sustained because of the car accident. This constituted an exacerbation of the pre-existing condition of the right knee. In Dr. Cohen's opinion, the exacerbation of the condition of the right knee resulting from the accident was permanent, and the pinched nerve sustained in the lower back could well have caused the knee to buckle at times.

At the close of the evidence, the defendants moved for dismissal, contending that the plaintiff had failed to prove

that he sustained a "serious injury" within the ambit of the no-fault insurance statute. The court granted the motion and dismissed the complaint.

On appeal, the plaintiff contends that there should be a new trial on the issues of both liability and damages. He claims the trial court gave erroneous instructions to the jury during the liability portion of the trial and improperly refused to allow into evidence a copy of an accident report filed by the defendants. With regard to the damages phase, the plaintiff asserts that numerous errors were committed by the trial court, and most importantly, he contends that the medical evidence presented a question of fact for the jury to decide on the issue of "serious injury".

We find no errors warranting a new trial on the issue of liability and we therefore sustain the jury's verdict apportioning fault for the March 14, 1988 accident. However, we agree with the plaintiff's contention that the trial court should have submitted the issue of serious injury to the jury for determination. The medical evidence adduced by the plaintiff was sufficient to create a triable issue of fact (see, Lopez v Senatore, 65 NY2d 1017; Guerra v Fuez, 145 AD2d 873; cf., McKnight v LaValle, 147 AD2d 902). Accordingly, we grant the plaintiff a new trial on the issue of damages only.

In light of this determination, we do not reach the plaintiff's remaining contentions regarding the damages phase of the trial. Rosenblatt, J. P., Lawrence, O'Brien and Ritter, JJ., concur.