■ NICOLE PARKER et al., Appellants, v JAMES B. DEFONTAINE-STRATTON et àl., Respondents. [647 NYS2d 189] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered August 21, 1995, which granted defendant Rev. James B. Defontaine-Stratton's motion for summary judgment and dismissed the complaint as against him, is unanimously reversed, on the law, without costs, the motion is denied and the complaint is reinstated.

In order to establish a prima facie case, plaintiff must establish that she has suffered a "serious injury" within the meaning of Insurance Law § 5102 (d) (*Licari v Elliott*, 57 NY2d 230, 237; *Lopez v Senatore*, 65 NY2d 1017, 1019-1020; *Orlando v*

*Medhurst,* 212 AD2d 764). In that vein, a medical affidavit which demonstrates that the plaintiff's limitations have been objectively measured or quantified is sufficient (*cf., Deangelo v Marcia Serv. Corp.,* 199 AD2d 58; *Forte v Vaccaro,* 175 AD2d 153). Further, a physician's observations as to actual, quantified limitations in the plaintiff's ability to use a body function or system qualify as "objectively measured or quantified" (*Deangelo v Marcia Serv. Corp., supra,* at 59) since they are based on the doctor's own examination, not the plaintiff's subjective complaints (*Cesar v Felix,* 181 AD2d 852, 853; *Torres v Micheletti,* 208 AD2d 519, 520).

In the matter before us, Dr. Greenbaum averred that plaintiff suffered a loss in the range of motion in her shoulder of 10 degrees of flexion, 40 degrees of abduction, 30 degrees of internal rotation, and 30 degrees of external rotation. These quantified limitations were purported to be based on Dr. Greenbaum's examination of plaintiff. Further, Dr. Greenbaum's reports and affidavit indicate that plaintiff had been receiving physical therapy treatments at his office. In sum, the foregoing is sufficient to establish a prima facie case that plaintiff sustained a "serious injury" (*see, Mendola v Demetres,* 212 AD2d 515), and a question of fact exists concerning whether plaintiff's limitations in the use of her shoulder were " 'significant' " (*Healea v Andriani,* 158 AD2d 587). With regard to defendant's attacks on the credibility of Dr. Greenbaum, this too is an issue for the trier of fact. Concur—Milonas, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.