■ ALVIN O'SULLIVAN, Appellant, v ATRIUM BUS CO., INC., et al., Respondents. [668 NYS2d 167] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered December 3, 1996, which granted defendants' motion for summary judgment

dismissing plaintiff's complaint for failure to meet the serious injury threshold required by Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

In this personal injury action arising out of a June 1992 automobile accident, defendants moved for summary judgment on the ground that plaintiff did not sustain serious injury as defined in Insurance Law § 5102 (d). In support of the motion, defendants submitted medical reports of their doctors as well as reports of certain of plaintiff's doctors, none of which indicated serious injury. The IAS Court granted the motion, finding that, in response to defendants' submissions, plaintiff had failed to submit proof establishing a prima facie case of serious injury as required to withstand such motion (*Gaddy v Eyler*, 79 NY2d 955).

To rebut defendants' proof, plaintiff had submitted an August 1996 affidavit and report of his treating doctor, Dr. Saldanha, who had taken over the practice of plaintiff's former physician in 1994. Dr. Saldanha, an orthopedic surgeon, first examined plaintiff in August 1994; his most recent examination prior to the affidavit was in July 1996. Based on that examination, Dr. Saldanha found, among other things, a limitation in the range of motion of plaintiff's cervical spine, restricting it to "less than 50 percent of normal," as well as tendinitis in one shoulder, causing a 20 percent reduction in the normal range of motion.

The IAS Court found Dr. Saldanha's affidavit and report deficient on the ground that they were "unsupported by competent medical proof." The court further noted that, without additional testing, Dr. Saldanha had apparently relied on a 1992 MRI report to conclude that plaintiff had sustained a rotator cuff tear, whereas the doctor who prepared the report found no evidence of such injury. We find that plaintiff's submissions were sufficient to establish a prima facie case of serious injury and therefore reverse and reinstate the complaint.

Dr. Saldanha's findings were set forth in admissible form in a sworn statement (*Grasso v Angerami*, 79 NY2d 813, 814; *Mobley v Riportella*, 241 AD2d 443, 444) and were based on his personal examination and observations of plaintiff. We have previously held that such examination and observation form an acceptable basis for a doctor's opinion regarding the existence and extent of a plaintiff's range of motion limitation, such as that found here, and are sufficient to defeat summary judgment (*Parker v Defontaine-Stratton*, 231 AD2d 412; *see also, Cesar v Felix*, 181 AD2d 852). That Dr. Saldanha's find-

ings conflicted with other medical opinion submitted to the court raises an issue for the trier of fact and cannot be resolved on a summary judgment motion (*Cassagnol v Williamsburg Plaza Taxi*, 234 AD2d 208).

For example, in *Funke v Stafford* (233 AD2d 611, 612), where several doctors found no "significant" limitation of any kind in a plaintiff who missed little work following a car accident and resumed an active life, one doctor's submission to the contrary, based on two examinations several years after the accident, while not the "strongest evidence of serious injury," was nonetheless sufficient to defeat summary judgment. In the instant case, with respect to the particular significance the IAS Court and defendant assign to the conflicting medical opinions based on the 1992 MRI report, we note that in *Tompkins v Burtick* (236 AD2d 708), where an MRI and other tests failed to reveal injury, summary judgment was denied in light of plaintiff's doctor's findings of limitation of mobility. Citing our decision in *Defontaine-Stratton* (*supra*), the *Tompkins* Court held that the doctor's own observations of actual limitations "qualifies as objective evidence" because it is based on his own examinations, thus creating a triable issue of fact for a jury (*supra*, at 709). Thus, contrary to defendants' contention, Doctor Saldanha's affidavit and report, which contained such observations and findings, constituted more than mere reiteration of plaintiff's subjective complaints of pain (*compare, e.g., Rivera v Pula*, 173 AD2d 1000).

Moreover, contrary to the doctors' opinions in the cases cited by the IAS Court (*Philpotts v Petrovic*, 160 AD2d 856, 857; *Melino v Lauster*, 82 NY2d 828), which were based on examinations that had taken place several years prior to the doctors' affirmations, Dr. Saldanha had examined plaintiff over a period of time and as recently as several weeks before his affidavit. In addition, the doctor in *Melino* had not specified the degree of limitation of mobility.

Accordingly, plaintiff sustained his burden to establish a prima facie case of serious injury, and defendants' motion for summary judgment should have been denied. Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Tom, JJ.