■ SANTA PISASALE, Respondent, v BUCKHORN CARRIERS, INC., et al., Appellants. [671 NYS2d 251] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 8, 1997, which denied defendants' motions for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants' reliance on the initial report of plaintiff's neurologist and the no-fault forms annexed thereto as proof that plaintiff did not sustain a serious injury overlooks that the report states that further testing was required before plaintiff's prognosis could be determined and that the no-fault forms state that the existence of permanent injury was not determinable at that time. Accordingly, it cannot be said that

these materials demonstrate prima facie that plaintiff did not sustain a serious injury, requiring denial of their motions for summary judgment without regard to the quality of plaintiff's opposition papers. Even assuming that defendants did meet their initial burden of proof, the affidavit of plaintiff's neurologist, which, among other things, compares her preaccident condition with the results of various postaccident objective tests, including EMGs, MRIs and range of motion tests, is sufficient to raise questions of fact as to whether plaintiff's alleged limitations resulted from the accident, and, if so, were "significant" and/or are "permanent" within the meaning of the statute (*see, Parker v Defontaine-Stratton*, 231 AD2d 412; *O'Sullivan v Atrium Bus Co.*, 246 AD2d 418). We have considered defendants' other arguments and find them to be without merit. Concur—Lerner P. J., Nardelli, Wallach, Williams and Saxe, JJ.