■ LEONARD DiLEO et al., Appellants, v LEV BLUMBERG, Respondent. [672 NYS2d 319] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered November 21, 1996, which granted defendant's motion to dismiss the complaint on the

ground that plaintiffs did not suffer serious injury within the meaning of Insurance Law § 5102, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiffs and defendant were involved in an automobile accident on October 16, 1992. Plaintiffs thereafter brought this action against defendant, who moved for summary judgment dismissing the complaint on the ground that plaintiffs had failed to meet the threshold requirement that they had suffered "serious injury" as defined by Insurance Law § 5102. The IAS Court granted the motion, finding that plaintiffs had failed to come forward with "competent, admissible medical evidence to raise an issue of fact that plaintiffs did sustain serious injuries."

While it was not error for the court to disregard the unsworn submissions proffered by plaintiffs in opposition to the summary judgment motion, such as the letters from their neurologist, it was error for the court to reject out of hand the affirmations of plaintiffs' treating chiropractor (Dr. Coppola) on the ground that they were "premised solely on the plaintiffs' subjective complaints". To the contrary, the record is clear that Dr. Coppola's affirmations were based on his physical examinations of plaintiffs, a review of their X-rays and MRIs and his performance of numerous tests on both plaintiffs. These examinations and tests revealed that each plaintiff had substantially limited ranges of motion as well as pain, and Dr. Coppola made specific findings as to those limitations. For example, he noted that plaintiff Rosaria DiLeo suffered a 30% permanent partial impairment of her whole body, restricting certain daily activities since the time of the accident, while her son, plaintiff Leonard DiLeo, suffered a 35% permanent partial impairment overall. As to each of 12 range of motion tests he performed, Dr. Coppola identified the specific degree to which motion was limited, e.g., Rosaria DiLeo had only 30 degrees of flexion, and Leonard DiLeo only 40 degrees, in the thoracolumbar spine, where the normal amount is 90 degrees.

Summary judgment is warranted where the evidence proffered by a plaintiff is limited to conclusory assertions tailored to meet the statutory requirements (*see, Lopez v Senatore*, 65 NY2d 1017, 1020), or where a doctor's submission is based only on the plaintiff's subjective complaints (*see, e.g., Velez v Cohan*, 203 AD2d 156, 157). Such is not the case before us. The affirmations of plaintiffs' treating chiropractor detail the nature and degree of their injuries based on his physical examinations and tests, and the results of the latter clearly qualify as

"objectively measured or quantified" limitations sufficient to establish a prima facie case of serious injury to defeat summary judgment (*Parker v Defontaine-Stratton*, 231 AD2d 412, 413; *Deangelo v Marcia Serv. Corp.*, 199 AD2d 58; *Cesar v Felix*, 181 AD2d 852). Moreover, these specific findings of range of motion limitations meet the threshold test of serious injury within the meaning of Insurance Law § 5102 (*see, e.g.*, *O'Sullivan v Atrium Bus Co.*, 246 AD2d 418; *Pagan v Gondola Cab Corp.*, 235 AD2d 251; *Parker v Defontaine-Stratton, supra*).

Defendant raises for the first time on this appeal the argument that Dr. Coppola's submissions do not constitute competent, admissible evidence because affirmations, rather than affidavits, are admissible only from attorneys, physicians, osteopaths or dentists (*see*, CPLR 2106), and he cites Second Department cases holding precisely that (*see, e.g.*, *Gill v O.N.S. Trucking*, 239 AD2d 463; *Valencia v Siu-ke Lui*, 239 AD2d 339; *Feintuch v Grella*, 209 AD2d 377, *lv denied* 85 NY2d 803). We note, however, that a recent Second Department case holds to the contrary (*Semler v Molinelli*, 245 AD2d 363). In any event, while defendant claims that this argument may be considered for the first time on appeal because it is a legal argument appearing on the face of the record (*see, Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209-210, *lv denied* 88 NY2d 811), we decline to consider it in light of the fact that it is clearly to plaintiffs' prejudice, in that, had it been raised in the IAS Court, plaintiffs would have had the opportunity to cure the alleged defect.

Accordingly, we find that plaintiffs satisfied their burden to establish a prima facie case of serious injury, and defendant's motion for summary judgment should have been denied. Concur—Sullivan, J. P., Milonas, Rosenberger and Andrias, JJ.