■ TEOVALDO VARGAS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [679 NYS2d 44] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered August 19, 1997, granting defendant Vera's motion and defendant New York City Transit Authority's cross motion for sum-

mary judgment dismissing the complaint on the ground that plaintiff failed to meet the serious injury threshold in Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion and cross motion denied and the complaint reinstated.

Plaintiff Teovaldo Vargas was injured when the car in which he was a passenger, driven by defendant Vera, was hit by a truck owned by defendant New York City Transit Authority. According to plaintiff's bill of particulars, he suffered three injuries as a result of the accident: (1) maxillary dento-alveolar trauma, resulting in the fracture and loss of two front incisors requiring dental reconstructive surgery; (2) internal derangement of the cervical spine, with X-rays showing a loss of the cervical lordosis and asymmetrical transverse processes at C7; and (3) internal derangement of the lumbosacral spine with radiculopathy.

The motion and cross motion for summary judgment should have been denied since the plaintiff made a prima facie showing that he suffered "permanent consequential limitation of use of a body organ or member" or "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; see also, Lopez v Senatore, 65 NY2d 1017).

In opposition to the motions, plaintiff submitted an affidavit and medical narrative report of a chiropractor, Dr. Lizzio. Collectively, the affidavit and medical report detailed Dr. Lizzio's treatment, testing, medical opinion and prognosis concerning plaintiff's injuries. Testing of plaintiff's lumbosacral spine and cervical spine, occurring in 1991 after the accident, and again in 1997, revealed limitations of movement in both areas. For example, after the 1997 examination and testing, Dr. Lizzio determined that plaintiff suffered a limitation of movement of his lumbosacral spine of approximately 55%, and a limitation of the cervical spine of approximately 58%. These objective medical findings, in conjunction with Dr. Lizzio's opinion that the injuries were caused by the accident, and that the limitations were significant and permanent, were sufficient to make out a prima facie case that plaintiff suffered serious injury (see, Lopez v Senatore, supra, at 1020; Cassagnol v Williamsburg Plaza Taxi, 234 AD2d 208, 209; Parker v DeFontaine-Stratton, 231 AD2d 412, 413). The contrary view of defendant's physician merely raises issues of credibility to be resolved at trial (see, Cassagnol v Williamsburg Plaza Taxi, supra, at 209-210). Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.