■ JOHN MARQUEZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendants. [686 NYS2d 18] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about December 9, 1997, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings.

The 77-year-old plaintiff alleges injuries arising from his fall to the floor of defendant's bus when it was involved in a collision with another vehicle. Defendant's orthopedist, examining plaintiff upon his complaints of pain in his ear, right shoulder and neck, lower back and right hand, and of dizziness, found limitation of movement and mild degeneration. However, he attributed it to degenerative joint and spine disease unrelated to the accident, notwithstanding possible transient exacerbation of the underlying disease which, in the orthopedist's opinion, would have occurred even in the absence of the accident. A spinal CT scan submitted by defendant indicated degeneration predominantly in the left side and disc bulges, also stated by defendant's orthopedist to be age-related rather than trauma induced. However, in opposition to the motion, plaintiff's neurologist's report was submitted, indicating several specified neurological conditions purportedly arising from the injuries sustained during the accident, and describing an extended course of treatment and medicines prescribed. The neurologist also submitted an affidavit relating to a re-examination of the plaintiff two years after the initial examination, revealing an extensive loss of spinal motion beyond normal, which he characterized as permanent limitations arising from the injuries sustained in the accident. Since these medical findings of significant limitation of use of a body function or system (*Pagan v Gondola Cab Corp.*, 235 AD2d 251) were based on the physician's own observations rather than manifesting only the plaintiff's subjective complaints (*Parker v Defontaine-Stratton*, 231 AD2d 412; *Tompkins v Burtnick*, 236 AD2d 708; *Huggins v Daniels*, 237 AD2d 491), plaintiff established a prima facie case of serious physical injury (Insurance Law § 5102 [d]) sufficient to warrant dismissal of the motion and a trial of the disputed factual issues. Concur—Rosenberger, J. P., Nardelli, Tom and Andrias, JJ.