■ HECTOR MORENO et al., Appellants, v WILFREDO P. DELCID et al., Respondents. [692 NYS2d 125] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated November 30, 1998, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On December 2, 1996, the defendant Wilfredo P. Delcid (hereinafter Wilfredo), who did not have a valid New York State driver's license, was operating a car owned by his cousin, the defendant Anael Delcid. The plaintiffs were passengers in the car. The Delcid car was proceeding north on the Meadowbrook Parkway in the right lane at approximately 60 miles per hour when a car in the left lane pulled in front of the Delcid

car without signaling. Wilfredo applied the brakes and lost control of the car. The car left the road and eventually flipped over. The plaintiffs subsequently commenced this action against Wilfredo and Anael Delcid to recover damages for the injuries which they allegedly sustained in the accident. The defendants moved for summary judgment dismissing the complaint in its entirety based on the emergency doctrine, or for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Braceldina Delcid (hereinafter Braceldina) and Cain Delcid (hereinafter Cain) on the ground that neither sustained a serious injury within the meaning of Insurance Law § 5102 (d). The court granted that branch of the motion which was to dismiss the complaint based on the emergency doctrine.

The Supreme Court erred in concluding that there was no evidence that any negligence on the part of Wilfredo contributed to the accident and in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint based on the emergency doctrine. There is an issue of fact as to whether Wilfredo was negligent in operating the car by, *inter alia*, driving at an excessive rate of speed, and, if so, whether his negligence contributed to the happening of the accident.

The defendants are also not entitled to summary judgment dismissing the complaint insofar as asserted by Braceldina and Cain. While the defendants made a prima facie showing that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955), the opposition papers were sufficient to raise triable issues of fact. Braceldina and Cain submitted sworn reports from two doctors who reviewed Magnetic Resonance Imaging films taken the month following the accident which revealed that Braceldina has a bulging disc and Cain has a herniated disc. They also submitted an affidavit from their treating chiropractor. The chiropractor, who began treating Braceldina and Cain after the accident and was continuing to treat them when the motion was made, quantified the restrictions in each of those plaintiffs' range of motion based on both initial and recent examinations. Under the circumstances, there are questions of fact as to whether Braceldina and Cain sustained serious injuries (*see, Meyer v Gallardo,* 260 AD2d 556; *Parker v Defontaine-Stratton,* 231 AD2d 412; *Cesar v Felix,* 181 AD2d 852). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.