**Robert E. MEYER and Shelly Skaler Meyer, Plaintiffs,**

v.

**AFGD, INC., a/k/a American Flat Glass Distributers, Inc., and William Blowers, Defendants.**

**No. 99–CV–1142(LEK)(DRH).**

United States District Court, N.D. New York.

March 30, 2001.

Dennis A. First, O'Connor, O'Connor Law Firm, Albany, NY, for plaintiffs.

Richard R. Maguire, D'Agostino, Krackler Law Firm, Menands, NY, for defendants.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the court is Defendants' motion for summary judgment. For the reasons stated herein, Defendants' motion is denied.

## I. BACKGROUND

The present case arose as the result of an automobile accident that occurred on July 17, 1998. On that date, Plaintiffs Shelley Skaler Meyer ("Mrs.Meyer") and Robert Meyer were traveling northbound on the New York State Thruway to visit their daughter in Westport, New York. At approximately 3:30 p.m. that afternoon, a

truck operated by Defendant William Blowers and owned by Defendant AFGD, Inc., a/k/a American Flat Glass Distributors, Inc., entered Plaintiffs' lane of travel, causing a collision and forcing plaintiff's vehicle to spin around entirely several times before coming to rest against the center median guardrail. The accident caused extensive damage to Plaintiffs' car, rendering it inoperative. Mrs. Meyer was operating the vehicle at the time of the accident.

Following the accident, Mrs. Meyer alleges that she felt soreness in her back, neck, shoulder, knees, neck, and feet, symptoms which persisted throughout Plaintiffs' weekend with their daughter. Shortly after returning to their home in Pennsylvania, Mrs. Meyer scheduled an appointment with an orthopedic surgeon. Since that appointment, Mrs. Meyer has engaged in over two years of continuing medical treatment allegedly including an MRI of her spine, two series of three epidural/steroid injections to relieve pain, an EMG nerve conduction test, a myleogram, a CAT scan, X-rays, two regimens of physical therapy, over fifteen office visits with three doctors, numerous medications for pain relief, and an MRI of her shoulder. She continues to complain of extreme discomfort, limited range of motion, and pain which allegedly limits substantially her ability to perform her everyday activities.

Plaintiffs filed the present diversity action seeking damages for personal injuries and loss of consortium on July 23, 1999. Following discovery and an independent medical examination of Plaintiff, Defendants now move for summary judgment on the ground that Plaintiffs cannot prove that Mrs. Meyer sustained a serious injury as defined by § 5102(d) of the New York State Insurance Law.

## II. ANALYSIS

### A. Standard for Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir.1998). A fact in dispute is only material if it would affect the outcome of the suit. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. A material fact is genuinely disputed only if, based on that fact, a reasonable jury could find in favor of the non-moving party. *See id.* On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in the light most favorable to the non-moving party. *City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2d Cir.1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Upon the movant's satisfaction of that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. In doing so, the non-moving party may not "rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998). The non-moving party may not "simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "but

must set forth specific facts showing that there is a genuine issue of fact for trial," *First Nat'l Bank of Az. v. Cities Serv. Co.,* 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## B. New York State Insurance Law [1]

■ New York's "no-fault" insurance law was created to remedy "the inability of the tort system to rapidly, adequately and fairly compensate victims of automobile accidents" by, among other things, "removing minor claims from the courts." *Goodkin v. United States,* 773 F.2d 19, 21 (1985) (citing *Montgomery v. Daniels,* 38 N.Y.2d 41, 378 N.Y.S.2d 1, 340 N.E.2d 444, 448–50 (1975)). As a result, plaintiffs are required to satisfy a "serious injury" threshold before any non-economic recovery may be had. *See* N.Y. Ins. Law § 5102(d) (McKinney 2000); *see Licari v. Elliott,* 57 N.Y.2d 230, 455 N.Y.S.2d 570, 441 N.E.2d 1088, 1091–92 (1982); *Goodkin,* 773 F.2d at 22.

■ New York State Insurance Law § 5102(d) defines "serious injury" as follows:

> Serious injury means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102(d). "The New York Court of Appeals has rejected the view that whether the plaintiff suffered a serious injury is 'always a fact question for the jury.'" *Morrone v. McJunkin,* No. 98 CIV 2163, 1998 WL 872419, at *2 (S.D.N.Y. Dec.15, 1998) (quoting *Licari,* 455 N.Y.S.2d 570, 441 N.E.2d at 1091). Instead, courts "should decide the threshold question of whether the evidence would warrant a jury finding that the injury falls within the class of injuries that, under no-fault, should be excluded from judicial remedy." *Licari,* 455 N.Y.S.2d 570, 441 N.E.2d at 1092.

■ When seeking summary judgment, a defendant must make a prima facie showing that the plaintiff has not suffered a serious injury. *See Gaddy v. Eyler,* 79 N.Y.2d 955, 582 N.Y.S.2d 990, 591 N.E.2d 1176, 1177 (1992). Once the defendant has done so, the burden shifts to the plaintiff to present admissible evidence sufficient to raise a genuine issue of fact as to whether the injuries are serious. *See id.* "To meet this burden, the plaintiff must come forward with more than 'conclusory assertions tailored to meet statutory requirements.'" *Lopez v. Senatore,* 65 N.Y.2d

---

1. Although Plaintiffs are residents of Pennsylvania, the parties do not dispute that New York's "no-fault" insurance law governs the instant suit. Application of New York's choice-of-law rules, which apply when this Court sits in a diversity case, *see Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *AroChem Int'l, Inc. v. Buirkle,* 968 F.2d 266, 269–70 (2d Cir.1992), require the Court, under these circumstances, to apply New York law for both conduct regulation and loss allocation. *See generally Padula v. Lilarn Properties Corp.,* 84 N.Y.2d 519, 620 N.Y.S.2d 310, 644 N.E.2d 1001 (1994); *Babcock v. Jackson,* 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963); *Neumeier v. Kuehner,* 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972).

1017, 494 N.Y.S.2d 101, 484 N.E.2d 130, 131 (1985).

### 1. Defendants' Initial Burden

■ In support of their motion for summary judgment, Defendants rely on the affidavit of James W. Nelson, M.D., an orthopedic specialist licensed to practice in the State of New York. Dr. Nelson performed an independent medical examination of Mrs. Meyer on May 15, 2000, nearly two years after the accident. This examination lasted less than one hour.

Dr. Nelson's affidavit describes his examination and concludes that Mrs. Meyer's left shoulder, left elbow, lower back and left foot problems have resolved. He further state that he can find no "objective evidence or findings to support that she has suffered either a permanent consequential limitation of use or a significant limitation of use of her neck, back, and upper extremities." At most, he finds that her symptoms are subjective and that her limitations are mild. This affidavit satisfies Defendants' burden of making a prima facie showing that Mrs. Meyer has not suffered a serious injury and the Court now turns to the rebuttal evidence submitted by Plaintiffs.

### 2. Plaintiff's Burden

Although it is not clear from their papers, Plaintiffs appear to contend that Mrs. Meyer's injuries fall within three of the categories of "serious injury": (1) permanent loss of use of a body organ, member, function or system; (2) significant limitation of use of a body function or system; and (3) a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment. The Court need only address the second of these categories, because it finds that the evidence presented by Plaintiffs is sufficient to raise a genuine issue of fact as to whether Mrs. Meyer's injuries are "serious" under that definition.

■ In order to be "significant," a limitation must be something more than a "minor, mild or slight limitation of use." *Licari*, 455 N.Y.S.2d 570, 441 N.E.2d at 1091; *see also Zavialov v. Morgan*, No. 96–CV–5705, 2000 WL 133846, at *4 (E.D.N.Y. Jan.13, 2000); *Nasrallah v. Oliveiri Helio De*, No. 96 CIV 8727, 1998 WL 152568, at *5 (S.D.N.Y. April 2, 1998). "Whether a limitation of use or function is 'significant' or 'consequential' ... relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part." *Dufel v. Green*, 84 N.Y.2d 795, 622 N.Y.S.2d 900, 647 N.E.2d 105, 107 (1995); *see also Nasrallah*, 1998 WL 152568, at *5.

■ A plaintiff's subjective complaints of pain, standing alone without objective indicia, cannot constitute a significant limitation. *See Scheer v. Koubek*, 70 N.Y.2d 678, 518 N.Y.S.2d 788, 512 N.E.2d 309, 309 (1987); *Nasrallah*, 1998 WL 152568, at *5. Plaintiffs must submit "a medical affidavit specifying 'the degree of restriction of movement suffered' and 'the objective tests performed to determine such restriction of movement.'" *Zavialov*, 2000 WL 133846, at *4 (quoting *Merisca v. Alford*, 243 A.D.2d 613, 663 N.Y.S.2d 853, 854 (N.Y.A.D.2d Dep't 1997)); *see also Nasrallah*, 1998 WL 152568, at *7 ("'the vast weight of the Appellate Division authority stand[s] for the proposition' that a physician's affirmation as to the degree or extent of the limitation 'is sufficient under New York law to establish a prima facie case of serious injury'").

Here, Plaintiffs submitted an affidavit from Dr. Richard A. Goldberg, one of Mrs. Meyer's treating physicians. Dr. Goldberg, whose treatment of Mrs. Meyer remains ongoing, first saw her on November 23, 1998 at the request of his partner, Dr. Samuel Santangelo, who had been seeing her since the time of the accident. Dr. Goldberg indicates in his affidavit that Mrs. Meyer sustained nerve injuries as a result of the accident that are a significant limitation on the movement and use of her neck, arm, and shoulder.

Although Defendants repeatedly contend that Plaintiffs do not support their claim with objective medical criteria, Dr. Goldberg points to numerous medical examinations which, in his opinion, objectify Mrs. Meyer's subjective complaints. Mrs. Meyer originally complained to her doctors of difficulty in bending as well as pain in her neck, left arm, left knee, left foot, and left paralumbar spinal area. In his affidavit, Dr. Goldberg states that he conducted an EMG nerve test on Mrs. Meyer and that the test provided objective medical evidence of chronic C6 radiculitis. He also points to an MRI exam and a myelogram which revealed that Mrs. Meyer has a herniated disc to the left of the midline at C6,7. Finally, he states that his physical examination of Plaintiff also showed that her forward flexion was markedly decreased to about 10 to 15 degrees.

In sum, Dr. Goldberg's affidavit reveals that Mrs. Meyer's diagnosed conditions of chronic C6 radiculitis and left shoulder impingement syndrome, which he states have already lasted over two years and will be, to some degree, permanent, are supported by objective medical observations and constitute a significant limitation on the use of her neck, arm, and shoulder. New York courts have consistently held that evidence of this type raises a genuine issue of material fact as to whether the plaintiff suffers from a serious injury.

See, e.g., Lopez, 494 N.Y.S.2d 101, 484 N.E.2d at 131 (10 degree limitation on neck movement); Parker v. Defontaine–Stratton, 231 A.D.2d 412, 647 N.Y.S.2d 189, 190 (N.Y.A.D. 1st Dep't 1996) (quantified limitations in movement based on physical examination sufficient); Moreno v. Delcid, 262 A.D.2d 464, 692 N.Y.S.2d 125, 126 (N.Y.A.D.2d Dep't 1999) (herniated disc); Torres v. Micheletti, 208 A.D.2d 519, 616 N.Y.S.2d 1006, 1007 (N.Y.A.D.2d Dep't 1994) (herniated discs); Cesar v. Felix, 181 A.D.2d 852, 581 N.Y.S.2d 411, 412 (N.Y.A.D.2d Dep't 1992) (markedly restricted movement of neck); Spezia v. De Marco, 173 A.D.2d 462, 570 N.Y.S.2d 87, 88 (N.Y.A.D.2d Dep't 1991) (10 degree limitation in neck mobility); Guerra v. Fuez, 145 A.D.2d 873, 536 N.Y.S.2d 200, 201 (N.Y.A.D.3d Dep't 1989) (aggravation of arthritic condition); Zavialov, 2000 WL 133846, at *5; Nasrallah, 1998 WL 152568, at *6 (citing cases); Morrone, 1998 WL 872419, at *4 (citing cases).

Moreover, the conflicting physician affidavit submitted by Defendants raises a factual dispute regarding the severity of Mrs. Meyer's injuries. This Court cannot resolve such matters of credibility on a motion for summary judgment. See Lopez, 494 N.Y.S.2d 101, 484 N.E.2d at 131; Cassagnol v. Williamsburg Plaza Taxi, Inc., 234 A.D.2d 208, 651 N.Y.S.2d 518, 519 (N.Y.A.D. 1st Dep't 1996); Nasrallah, 1998 WL 152568, at *6; Zabel v. Olsen, 895 F.Supp. 44, 47 (N.D.N.Y.1995) (citing Holbrook v. Jamesway Corp., 172 A.D.2d 910, 568 N.Y.S.2d 198, 199 (N.Y.A.D.3d Dep't 1991)). Thus, the Court holds that there exists a triable issue of fact regarding whether plaintiff Shelly Skalar Meyer suffered a "serious injury" as defined by § 5102(d) of the New York State Insurance Law and Defendants' motion for summary judgment is denied.

## III.  CONCLUSION

Accordingly, it is hereby

ORDERED, that defendant's motion for summary judgment is DENIED, and it is further

ORDERED, that the Clerk of the Court shall serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.