■ ELLEN GRILL, Appellant, v DEBORAH L. KEITH et al., Respondents. [729 NYS2d 102] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about May 11, 2000, which granted the motion and cross motion of defendants Burett and Keith, respectively, seeking summary judgment dismissal of the complaint, unanimously reversed, on the law, without costs, the motion and cross motion denied and the complaint reinstated against both defendants.

The record raises a triable issue of material fact as to whether plaintiff suffered a "serious injury" pursuant to Insurance Law § 5102 (d) in the form of a "significant limitation of use of a body function or system," i.e., alleged injuries to her lower back purportedly limiting range of motion. In his affidavit, Dr. Westrich opined that plaintiff had suffered, *inter alia,* a "30% decrease [in] flexibility of her lumbosacral spine upon flexion & extension" and that "[t]here is a causal relationship between her injuries and the accident." These findings, based upon his examination of plaintiff almost two years after the

automobile accident in question are sufficient to set out a prima facie serious injury case and defeat summary judgment, since they are supported by some additional medical proof in the record, and are consistent with plaintiff's statement that the condition had persisted for three years after the accident (*see, Vargas v New York City Tr. Auth.*, 254 AD2d 175, 176, citing, *inter alia, Parker v Defontaine-Stratton*, 231 AD2d 412, 413; *see also Choudhury v Hsien Chen*, 273 AD2d 142; *Marquez v New York City Tr. Auth.*, 259 AD2d 261). Moreover, a triable factual issue is raised due to the fact that Dr. Westrich's findings conflict with those of defendants' physicians (*see, Vargas v New York City Tr. Auth., supra; Lopez v Senatore*, 65 NY2d 1017, 1020). Concur—Williams, J. P., Ellerin, Lerner, Saxe and Buckley, JJ.