■ CHRISTINE O'SULLIVAN, Appellant, v ARMANDO VELEZ et al., Respondents. [921 NYS2d 213]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 7, 2010, which, to the extent appealed from, as limited by the briefs, in an action for personal injuries arising from a motor vehicle accident, granted defendant Mahmoud R. Hassan's motion and defendants Armando Velez and Elrac, Inc.'s cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion and cross motion with respect to the "permanent consequential limitation" and "significant limitation" categories and otherwise affirmed, without costs.

With respect to the "permanent consequential limitation" and "significant limitation" serious injury categories (Insurance Law § 5102 [d]), as related to plaintiff's right wrist injury, defendants' papers failed to eliminate issues of fact as to whether plaintiff suffered a "serious injury" to the wrist and as to the cause of the injury and thus failed to meet their prima facie burden of demonstrating entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In any event, regarding the wrist, plaintiff's opposition raised triable issues of fact. Specifically, plaintiff's treating physician submitted an affirmation setting forth findings based on objective tests and opinions conflicting with those of defendants' experts (*see Grill v Keith*, 286 AD2d 247, 248 [2001]). Because we find that plaintiff is entitled to present her claim involving her wrist to a jury, she is also entitled to seek damages for injuries to her neck, even if those injuries themselves did not meet the threshold (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [2010]).

With respect to the 90/180 day category, defendants made a prima facie showing of entitlement to summary judgment, as their respective moving papers included plaintiff's deposition testimony in which she testified that she was not confined to her home for any period nor did she miss work on account of

the injuries allegedly sustained in the accident (*see Byong Yol Yi v Canela,* 70 AD3d 584, 584-585 [2010]). Plaintiff failed to create an issue of fact with respect to the 90/180 day category. Concur—Mazzarelli, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.