█ Yamilet Mendoza, an Infant, by Her Mother and Natural Guardian, Carolina Pelaez, et al., Respondents, v Mortlen Realty Corp. et al., Appellants. [931 NYS2d 62]—

In this action alleging injury to the infant plaintiff caused by

lead-paint poisoning, plaintiffs met their initial burden of establishing entitlement to summary judgment on the issue of liability based on evidence that defendant Mortlen Realty had actual and/or constructive notice that at least one child under the age of six was residing in the subject apartment in August 2006. They also established that the building is a multiple dwelling subject to the Lead Paint Hazard Reduction Law (Administrative Code of City of NY former § 27-2013 [h], now §§ 27-2056.3—27-2056.18 [requiring the owner of a multiple dwelling to remove or cover paint containing specified hazardous levels of lead in any apartment in which a child six years of age or younger resides]).

The evidence submitted by defendants in opposition to the motion was insufficient to raise a factual issue to defeat summary judgment. Although defendants contend that the court improperly considered documents submitted by plaintiffs to rebut the argument that the building is not a multiple dwelling because they were unauthenticated and/or uncertified, defendants failed to preserve this issue for appellate review (*see DiLeo v Blumberg*, 250 AD2d 364, 366 [1998]). Were we to review this issue, we would find that the motion court properly considered the certificate of occupancy as well as printouts from the website of the New York City Department of Housing Preservation and Development which established that the building had been classified as a multiple dwelling (*see* CPLR 4511 [b]; *Elkaim v Elkaim*, 176 AD2d 116 [1991], *appeal dismissed* 78 NY2d 1072 [1991]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Richter, JJ.