Seidel v Rabassa (2019 NY Slip Op 01535)





Seidel v Rabassa


2019 NY Slip Op 01535


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8595 307515/13

[*1]Chelsea Seidel, etc., et al., Plaintiffs, Sarah Auslander, Plaintiff-Appellant,
v
David Rabassa, et al., Defendants-Respondents, William Seidel, Defendant.


Joseph I. Orlian, P.C., New York (Justin D. Branlel of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Robert D. Grace of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J., entered on or about October 26, 2017, which, in this action for personal injuries sustained in a motor vehicle accident, granted the motion of defendants David Rabassa and Fakhar Chowdury for summary judgment dismissing the complaint of plaintiff Sarah Auslander (Auslander), unanimously reversed, on the law, without costs, and the motion denied.
Defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that Auslander did not sustain a serious injury causally related to the accident. Defendants submitted, inter alia, the emergency room report, CT scans and the reports of a neurologist, a plastic surgeon and an otolaryngologist, all of who examined Auslander and found that she did not sustain a serious injury within the purview of Insurance Law § 5102(d).
In opposition, Auslander submitted objective medical evidence to raise a triable issue of fact as to whether she sustained a nasal fracture (see Lavy v Zaman, 95 AD3d 585 [1st Dept 2012]). Her plastic surgeon, who performed a nasal endoscopy, diagnosed a slight nasal fracture, which he observed during the procedure. His report and affidavit were based on the procedure he performed and his observations, and were sufficient objective medical evidence to support his opinion (see O'Sullivan v Atrium Bus Co., 246 AD2d 418 [1st Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK