Massaro v Manfredi Auto Cent., LLC

2026 NY Slip Op 02207

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Marie Massaro et al., Plaintiffs-Appellants,

v

Manfredi Auto Central, LLC, et al., Defendants-Respondents.

Decided and Entered: April 14, 2026

Index No. 31610/20|Appeal No. 6360|Case No. 2025-02534|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Kenneth J. Gorman, New York, for appellants.

Marshall Dennehey, P.C., New York (Diane K. Toner of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about March 6, 2025, which denied plaintiffs' motion for partial summary judgment as to liability against defendants and granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs' argument that defendants' failure to submit the lease in their motion papers requires dismissal of their motion is improperly raised for the first time on appeal and therefore is unpreserved for our review (see Greca v Choice Assoc. LLC, 200 AD3d 415, 415-416 [1st Dept 2021]; DiLeo v Blumberg, 250 AD2d 364, 366 [1st Dept 1998]).

An out-of-possession landlord is generally not liable for negligence with respect to the condition of the demised premises unless it "(1) is contractually obligated to make repairs to maintain the premises or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (see Vasquez v Rector, 40 AD3d 265, 266 [1st Dept 2007]).

Defendants established that they were legally out-of-possession landlords. Periodic visits by one of defendants' agents to the premises to collect stored files, after contacting the tenant, does not establish a course of conduct sufficient to call into question whether defendants maintained control over the premises (see Henry v Hamilton Equities, Inc., 34 NY3d 136, 142 [2019]; Gronski v County of Monroe, 18 NY3d 374, 380-381 [2011]). Furthermore, the record does not establish that defendants conducted any maintenance or repairs subsequent to the tenant assuming possession and control of the premises (see Dimas v 160 Water St. Assoc., 191 AD2d 290, 290 [1st Dept 1993]).

Plaintiffs did not raise a triable issue of fact as to whether defendants were contractually obligated to repair the ceiling leak or whether the leak was a structural or design defect contrary to a specific statutory provision (see Bawa v JJ Operating Inc., 234 AD3d 517, 518 [1st Dept 2025]; Espinoza v Minus5 HH NYC, Inc., 189 AD3d 499, 500 [1st Dept 2020]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026